LEWIS TIMM v. THE MICHIGAN CENTRAL RAILROAD COMPANY.

*Master and servant—Instructions—Fellow-servants.*

1. Where any one of fair intelligence and the requisite physical ability is competent to perform a certain class of work, an employer is not bound to inquire into the experience of an employé who is hired to perform such work, and who possesses those qualifications, or give instructions in regard to the work.
2. Plaintiff belonged to a section gang of four men, including the foreman, and, while assisting in loading ties onto a hand car, was injured by some of the ties falling off and breaking his leg. There was no evidence tending to show negligence in the employment of any of the men. And it is held that the four men were fellow-servants, and that a verdict was properly directed in favor of the defendant.

Error to St. Joseph. (Loveridge, J.) Argued December 13, 1893. Decided December 22, 1893.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*R. R. Pealer* and *George E. Miller,* for appellant, contended:

1. The section foreman was the superior servant; he employed and discharged men; he employed Oldenberg, and asked him no questions, and gave him no instructions regarding the business; and his act was the act of defendant; citing *Harrison v. Railroad Co.,* 79 Mich. 409.
2. The duty of employing competent men cannot be delegated so as to relieve the master of responsibility; and the contributory negligence of a fellow-servant will not defeat the action if the facts show that the defendant himself was guilty of negligence; citing *Hunn v. Railroad Co.,* 78 Mich. 513.

*Edwards & Stewart* (*Ashley Pond* and *Henry Russel,* of counsel), for defendant.

GRANT, J.  Plaintiff bases his right of recovery upon the negligence of defendant (1) in employing an incompetent and inexperienced fellow-servant, named Oldenberg, and assigning him to work with plaintiff without any instruction or training; (2) in purchasing and using a crooked railway tie.

Plaintiff and Oldenberg belonged to a section gang of four men, who were at the time engaged in loading ties from a pile alongside the track onto a hand car.  The men worked in pairs, one at each end of a tie, plaintiff and the section boss working together, and Oldenberg and the other man, named Miller.  The load was nearly completed.  The top tie was crooked, and in the center bulged out a little over the line of straight ties under it.  Oldenberg and Miller were in the act of loading a heavy green-oak tie.  The section foreman directed plaintiff to assist them.  He took hold near the middle of it.  Oldenberg, without waiting for the usual signal, upon which they all lift and throw together, threw his end first.  This tie was thrown upon the crooked tie, when suddenly the outside tier tipped over, falling on plaintiff's leg, and breaking it.

The court properly directed a verdict for the defendant. These four men were fellow-servants.  No negligence was shown in the employment of Oldenberg.  He was mentally and physically competent to perform the work, which was of the simplest character, not attended with any particular hazard, nor requiring any particular skill.  Oldenberg had been employed by the defendant on this section since the 1st of April, and the accident occurred on the 15th.  He came to this country in 1879, and was employed on a farm until his employment by the defendant.  During this time he was engaged in the usual work of a section man, and once before had been engaged in handling ties in a similar manner.  Any one of fair intelligence and the requisite physical ability is competent to perform such work, and

the employer is not required by the law to inquire into his experience, or give instructions in regard to work of so simple a character.

Judgment affirmed.

The other Justices concurred.