## WORLDS *v.* GEORGIA RAILROAD COMPANY.

*Atkinson, J.*—1. When one enters the service of another, he impliedly assumes the usual and ordinary risks incident to the employment about which he is engaged, and in discharging the duties which he has undertaken to perform, he is bound to take notice of the ordinary and familiar laws of nature applicable to the subject to which his employment relates; and if he fails to do this, and in consequence is injured, the injury is attributable to the risks of the employment, and the master is not liable.

2. Where an employee of a railroad company, in the discharge of his duties, is directed to lift and carry an ordinary object, like a cross-tie, he is bound to take notice that it is heavy and that a certain amount of physical strength will be required to accomplish the task; and if he misconceives the amount of physical strength to be exerted, and overstrains himself in lifting the tie and is thereby injured, the master is not liable. The fact that he was acting under the orders of a superior at the time does not alter the question, even though he might have had reason to believe that disobedience of the order would result in his dismissal.    *Judgment affirmed.*

August 3, 1896.

Action for damages.   Before Judge Eve.   City court of Richmond county.   August term, 1895.

The petition alleged, that plaintiff was employed by defendant as a yard train-hand, his duties being to couple cars and do general work about the yard.   A coal car became derailed, and plaintiff with others was ordered by the yardmaster, Tuggle, to carry cross-ties which were about 100 yards off, for the purpose of putting the car back on the track.   Plaintiff was required by Tuggle, under whose instructions he worked, to carry the ties without any assistance.   He complained that the ties were too heavy for one man to carry, and Tuggle replied, "Go ahead, God damn it, and tote them cross-ties; you are as much able as any of the rest of them."   Plaintiff, knowing that his daily bread depended upon his labor, and fearing that unless he obeyed the order so given him he would be discharged, and wholly ignorant of the serious result that might arise from carrying the cross-ties, went to work according to the order of Tuggle.   The result was, that he wrenched and strained his back, causing an abscess to form, causing great suffering to him, and rendering him totally unable to perform any manual labor.   Defendant by its yardmaster was negligent in not giving plaintiff help in carrying the cross-ties, as it was well known, or ought to have been known to defendant, that the cross-ties were too heavy to be carried by one man a distance of 100 yards.   Plaintiff had no experience in the effects of carrying cross-ties, this character of work not having theretofore been required of him.   Seeing the cross-ties being carried by his coemployees, and relying on the experience and better judgment of his superior officer, he undertook with care and caution to execute the orders given him by defendant.   The injuries were received by him without fault or negligence on his part, and are directly traceable to and have resulted from the negligence of defendant in executing the work to which petitioner was assigned, short-handed.

On demurrer the action was dismissed.

*F. W. Capers* and *S. B. Vaughn*, for plaintiff.
*Joseph B. & Bryan Cumming*, for defendant.