WHITE *v.* OWOSSO SUGAR CO.

|149    473
|152    417

1. MASTER AND SERVANT—PERSONAL INJURIES—DANGEROUS EMPLOYMENT—WARNING.

Plaintiff, a common laborer, was directed by his master to assist in holding up and bolting to place an iron plate forming a part of the spout of a bucket conveyor in a beet sugar mill, and while that duty was being performed one corner of the plate got inside the spout, caught on a descending bucket, and injured plaintiff. *Held*, that whether plaintiff's employment as a common laborer comprehended that duty was immaterial, the danger being so apparent as to call for no warning.

2. SAME—NEGLIGENCE OF MASTER—INSUFFICIENT HELP.

    Negligence of the master in not providing sufficient help to handle a heavy article is not available to a servant injured while handling it while other employés of the master stood by and could have aided had it been thought necessary.

3. SAME—ASSUMPTION OF RISK.

    A servant employed at common labor cannot recover of his master for an injury received while handling a heavy article, the danger being obvious, and the master having no knowledge of the danger that the servant did not possess.

Error to Shiawassee; Miner, J. Submitted June 12, 1907. (Docket No. 85.) Decided September 20, 1907.

Case by Robert White against the Owosso Sugar Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Walsh & Pardee*, for appellant.

*Keena, Lightner & Oxtoby*, for appellee.

HOOKER, J. The plaintiff has appealed from a verdict of "no cause," directed by the court, upon the conclusion of the testimony in a personal injury case. Briefly stated, the facts proven are, that he applied to the defendant for common labor at its factory, where he had worked before, and was told that he could have a job on the diffusion tanks. His duty in that regard was to open and close the doors of certain tanks, at proper intervals, and aid in the removal of their contents, which consisted of beet pulp. It is unnecessary to describe his duties at length. There was an apparatus in the factory for elevating pulp. It consisted of buckets attached to endless chains which ran upon pulleys, and resembled, in a general way, the elevators in a mill, in principle, though it ran in a larger shaft. It is manifest that the buckets ran upward on one side and down on the other. The shaft was sheet iron sides with angle iron corners, and near the lower end of

the shaft, in the basement, there was a place in the shaft which could be opened by taking off one of the side plates, which was done by removing the bolts by which it was usually fastened to the vertical angle iron corners.   On the day of the accident this elevator had been undergoing examination or repair, and the plate mentioned had been taken off, the elevator having been stopped for the purpose.    It being desired to replace this plate, the plaintiff was called from his work, and directed to aid another man in raising it up to its proper place, so that the bolts could be put in and made secure, which they proceeded to do, the elevator having been started in his presence for examination of the buckets and being running at the time.    This plate probably weighed somewhere from 135 to 200 pounds, the testimony being in conflict in this regard.    In lifting the door up they allowed one corner to go inside of the shaft, where it was struck by the descending bucket, and pushed downward to the injury of the plaintiff.    It is a reasonable inference that the iron was pretty heavy and got momentarily beyond their control, with the above result.    It is not clear which if either of the men was responsible for its tipping against the bucket, or whether it was due to the negligence of either.    The plaintiff claimed that the defendant was negligent:

1. In giving him this task without warning him of its perils.
2. In not providing more help to lift and hold up the door.
3. In failing to give plaintiff a safe place to work.

The defendant insists that this was labor of the most common kind, that warning of its dangers was unnecessary, because they were apparent, that plaintiff was in a better situation to know whether more help was required than defendant was, and did not ask assistance although there were two or three men standing by who could as well have given it had it appeared necessary.   Counsel maintain therefore that the plaintiff assumed the risk of the work.

The labor for which plaintiff applied was common labor. That which he was set at work upon was such. It does not necessarily follow that he engaged to do whatever in the nature of common labor his employer should afterwards direct him to do, though a jury might reasonably infer that he did engage to do so, from the nature of his application, his former employment (when he did various kinds of work), and his ready acquiescence when asked to go with his superior to do the work in question. It is perhaps more reasonable to suppose that he expected to do any work about the factory that he should be set at, and that his employer so understood the employment, and felt at liberty to change his work at will. Emergencies of greater or less importance necessarily arise in the conduct of a manufacturing business, calling for unusual work, and in such cases it probably is not unusual to call men from their regular routine duties for special work, and to say that the master necessarily assumes the risk of injuries that result, is going too far. In this case the work to be done was to bolt an iron plate upon the frame of an elevator shaft. It was four feet square and a quarter of an inch thick. It was necessary to raise it up so that its top side was six or seven feet above the floor and to hold it in place until it could be secured by bolts. This in itself was nothing more than common labor, and ordinarily would call for no superior intelligence. It would be a very low degree of intellect that would not understand the danger that would follow the contact of the iron plate with the descending buckets, which were in motion when the plate was lifted, and the danger to be apprehended from such contact was so apparent to any one, that we think it was not negligence in the master to omit calling special attention to it. We have often said that it is not negligence to omit warning against an obvious danger. See *Swick* v. *Cement Co.*, 147 Mich. 454, where the subject is dicussed and authorities are cited, also *Bauer* v. *Foundry Co.*, 132 Mich. 537. It is therefore unimport-

ant, so far as warning is concerned, whether this was within the scope of plaintiff's engagement or not. *Gavigan* v. *Railway Co.*, 110 Mich. 71.

It is contended that the defendant was negligent in not providing more men to aid in lifting the plate. It is inferable from plaintiff's testimony that it was so heavy that the two men could not hold it, and that it wobbled and slipped out of place, and a corner got inside of the shaft and was struck by a bucket. The record shows that other men stood idly by and could have aided had it been thought necessary. There is some dispute in the testimony concerning the feasibility of using more men. The plaintiff's own testimony shows that one Connors who was engaged in the work told plaintiff and another to lift up the plate, and that he took hold of it the way he was told to do.

There is no proof of the master's negligence in the record and we think that the plaintiff assumed the risk of the obvious danger through which he was hurt. The case is similar to *Nephew* v. *Whitehead*, 123 Mich. 255. It was there said:

"An employé, experienced in handling heavy objects, cannot recover against his employer for injuries received by being struck by an iron beam which he was assisting to unload from a wagon on which he had helped to load it; the operation being a simple one, and the employer having no knowledge of danger that the employé did not himself possess."

The court in conclusion in that case says, on page 257, as follows:

· "If the plaintiff can recover in this case, an employer of labor would be liable whenever an accident occurred. The operation to be performed was a simple one. With the experience plaintiff must have had in handling heavy objects, he must have known as much about the danger as any one. See *Pilucki* v. *Spring Works*, 117 Mich. 111. We do not deem it necessary to discuss the case."

See, also, *Roepcke* v. *Railroad Co.*, 100 Mich. 541; *Timm* v. *Railroad Co.*, 98 Mich. 226.

The question of safe place is not involved in the case.

The judgment is affirmed.

McALVAY, C. J., and CARPENTER, GRANT, and MOORE, JJ., concurred.