JOHN L. JACQUES, *Plaintiff in Error*, v. MIAMI ICE & COLD STORAGE Co., *Defendant in Error*.

## Opinion Filed May 26, 1917.

1. Where one is employed by another to repair or tear down a building or part of a structure the timbers of which are decayed and their condition although not apparent is ascertainable by reasonable inspection, the employee assumes the risk · of injury incident to the employment.

2. The doctrine that the master should provide his servant with a reasonably safe place to work has no application where the work for which the servant is employed is in its nature a dangerous employment and is rendered more so as the work progresses.

3. Where one is employed to tear down or repair a building and the employer does not undertake to direct the employee as to how the work should be performed, but leaves that to the discretion of the employee the latter should exercise reasonable precaution to ascertain the condition of the timbers and the existence of hidden dangers or defects in the structure and cannot in the case of injury sustained from falling timbers during the progress of the work caused by their rotten or decayed condition hold his employer liable for negligence in not providing a safe place for his employee to work.

Writ of Error to Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*McCaskill & McCaskill,* for Plaintiff in Error;

*Hudson, Wolfe & Cason,* for Defendant in Error.

ELLIS, J.—The plaintiff in error brought an action in the Circuit Court for Dade County against the defendant in error for damages for personal injuries alleged to have been sustained by him while in the employment of the defendant. A demurrer to the declaration was sustained and the plaintiff below refusing to amend, there was judgment for the defendant and the plaintiff took a writ of error.

The declaration alleges that in February, 1915, the plaintiff was employed by the defendant as a laborer and was directed by the defendant to "assist in tearing out a partition in and the ceiling" of a cold storage room, this work being a part of the plaintiff's duty as an employee of the defendant. The declaration describes how both the partition and ceiling were constructed. The partition was made by nailing sawn boards to two sides of upright pieces, the ceiling was constructed by nailing sawn boards to the top and bottom edges of overhead joists, the space between being filled with the husks and hulls of cocoanuts. The room was alleged to be "damp and wet" and the "joists in a rotten, defective and dangerous condition." It is alleged that while the plaintiff was tearing up the sawn boards from the top edge of the overhead joists, they "gave way and all the ceiling fell to the floor below" and the plaintiff was injured. When the accident occurred the plaintiff and others, so the declaration alleges, were standing on the boards nailed to the upper edge of

the joists.   It is alleged that the ceiling fell because of the rotten, defective and dangerous condition of the joists.

The theory of the declaration is that the principle that the master must provide his employee with a reasonably safe place to work applies, so the declaration alleges that the defendant did "negligently, carelessly and recklessly omit and refuse to use reasonable care, diligence and precaution to furnish the plaintiff with a reasonably safe place in which to perform his work," and negligently omitted to warn the plaintiff of the rotten condition of the joists.   It is alleged that the plaintiff did not know of the rotten condition of the joists, and the same was not obvious to him, and that the defendant "knew or ought to have known" of their condition and "could have discovered said hidden defects by the exercise of reasonable inspection and precaution."   The defendant is charged with actionable negligence, in not providing a safe place for the plaintiff to work and in not notifying him of the rotten and defective condition of the ceiling joists. · The injuries which the plaintiff sustained are set out in the declaration and the damages alleged to be ten thousand dollars.

The demurrer attacked the declaration upon several grounds.   One is that under the circumstances recited in the declaration the doctrine that the employer must provide a safe place in which his employee is to work does not apply; another that the injuries sustained were the result of the ordinary risk incidental to the employment; and that no actionable negligence is chargeable to the defendant under the allegations of the declaration.

It appears from the allegation of the declaration that the defendant employed the plaintiff to tear out a partition and ceiling in a certain cold storage room owned by the defendant.   While engaged in the work the plaintiff

was injured. It appears that the room was "damp and wet," the joists to which the ceiling boards were nailed were rotten, which fact could have been ascertained by the "exercise of reasonable inspection and precaution;" that while the plaintiff was standing upon the upper side of the ceiling, that which ordinarily forms the floor to the next story, the ceiling fell, because of the rotten joists, carrying the plaintiff with it.

Here it appears the nature of the employment was dangerous; a partition and a ceiling were to be removed from a room which had been used as a cold storage room, it was "damp and wet" and the timbers so rotten, that the exercise of reasonable inspection and precaution would have revealed their condition. Without making the inspection or using the reasonable precaution of examining the condition of the timbers, the plaintiff went upon the joists supporting the floor and began removing the boards. The very work the plaintiff was engaged to do rendered the place more dangerous as the work progressed. The doctrine of a "safe place to work" has no application in cases like that. The employee assumes the risk by accepting the employment. See Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. Rep. 433; Finalyson v. Utica Mining & Milling Co., 67 Fed. Rep. 507; 26 Cyc. 1148; Murphy v. Boston and Albany R. R. Co., 88 N. Y. 146; 4 Thompson on Negligence, Sec. 3979. The defendant did not in this case undertake to direct the plaintiff as to how the work should be performed, nor is it alleged that the rotten condition of the timbers in the room were known to the defendant, but the allegation in this particular is that the precaution of a reasonable inspection would have revealed the danger. The nature of the employment required the employee to make such an inspection. Every workman understands that there is more or less

danger incident to the destruction of old buildings or the repairing of buildings, and he governs himself accordingly. Counsel for plaintiff in error says that they kept before them the case of German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740, in preparing the declaration, but that case was one in which the person injured was employed in the sawmill to pull up the saw logs into the mill and cut them into two parts; for this purpose he was furnished by the company with certain machinery and saws, which were defective and insufficient, so that in pulling a log into the mill he was injured. He was not provided with safe and suitable appliances to perform the work which he was employed to do. In this case the injury resulted not from defective appliances supplied by the defendant to the plaintiff with which to perform a certain service, but the plaintiff was employed to perform a work obviously dangerous in character. Neither the appliances nor tools with which the work was to be done, were furnished by the defendant, nor the method of doing the work directed by him. The declaration shows that the plaintiff could have discovered the rotten condition of the joists as easily as the defendant. "The relation of master and servant implies no obligation upon the latter to take more care of the servant than he is willing to take of himself." See Missouri Furnace Co. v. Abend, 107 Ill. 44. If the rotten condition of the joists could have been ascertained by the exercise of reasonable precaution, the plaintiff was as much bound in duty to himself to exercise the prudence of making the examination as the defendant was in duty bound to the plaintiff to do so. The danger incident to the destruction or tearing down of old buildings is so patent and obvious that an adult person who undertakes the work assumes the risk of injury therefrom unless it

can be shown that the injury resulted from some extraneous cause which he could not have discovered or anticipated by exercising reasonable prudence and care.

We think that the demurrer was properly sustained because the declaration does not state a cause of action (Leynes v. Tampa Foundry & Mach. Co., 56 Fla. 488, 47 South. Rep. 918), and the judgment is, therefore, affirmed.

BROWNE, C.-J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.