W. S. ARNOLD, *Plaintiff in Error*, v. THE TEXAS COMPANY, A CORPORATION, *Defendant in Error*.

Opinion filed March 28, 1919.

Petition for Rehearing denied April 17, 1919.

In this action by an employee against his employer to recover damages for personal injuries alleged to have been caused by the negligence of the employer, it does not clearly appear from the allegation of the declaration or by inference from facts alleged, that the plaintiff knew of, or from its obvious nature should have known of, *and appreciated the risk* arising from the work in which the plaintiff was engaged, and the declaration being otherwise sufficient, it was error to sustain a demurrer thereto.

A Writ of Error to the Court of Record of Escambia County; C. M. Jones, Judge.

Judgment reversed.

*John P. Stokes* and *C. J. Stokes,* for Plaintiff in Error;

*Watson & Pasco,* for Defendant in Error.

WHITFIELD, J.—The declaration herein alleges that on April 27, 1917, "in Escambia County, Florida, the defendant was engaged in the business of selling the products manufactured from petroleum, and owned and used a certain warehouse for the purpose of storing its said products in the City of Pensacola, Florida, from which it sold and delivered its said products; that, for the purpose of facilitating the delivery of its said products by means of its wagons, the defendant had provided a certain platform adjacent to its said building, so that its said wagons might back up to said platform and its products in barrels might be transferred from its said warehouse to its said wagons by means of its said platform; that, defendant carelessly and negligently caused said platform to be so constructed that when its said wagons backed up to the same the bodies of its wagons would not be near said platform, but a certain space would exist between the said platform and the bodies of its said wagon, so that in loading barrels of its products from said platform to its said wagons said barrels could not be safely passed from said platform to said wagons but were likely to fall in said space; that, on the date aforesaid, the plaintiff was employed by defendant in its said warehouse and while in the discharge of his duty to defendant, plaintiff was engaged in passing a barrel con-

taining one of defendant's products from its said warehouse to one of its wagons by means of its platform aforesaid, and because of the careless and negligent manner in which the defendant had constructed such platform, one end of said barrel fell into said space between the wagon and the platform, thereby causing the other end of said barrel to swing around with great violence and striking plaintiff upon his limbs and throwing him against another barrel, thereby bruising and crushing plaintiff's limbs and giving to and inflicting upon him divers and sundry wounds, bruises and sprains, from the effects of which plaintiff was laid up and lost much time from his vocation and lost the earnings which he would have otherwise derived, and plaintiff suffered, continues to suffer and will hereafter suffer, intense pain in body and in mind, and was compelled to lay out and expend much money and to obligate himself for medical and doctor's bills in and about the treatment of the injuries received by him, and the plaintiff is permanently disabled.

"And the Plaintiff claims Three Thousand ($3000.00) Dollars."

A demurrer was interposed on grounds that:

"1.   The said declaration states no cause of action.

"2.   The said declaration shows no actionable negligence on the part of the defendant.

"3.   It appears from the allegations of the said declaration that the injuries to the plaintiff, if any, were due to an obvious risk.

"4.   That it does not appear from the declaration that the plaintiff was in ignorance of the manner of construction of the platform of the defendant.

"5.   It appears from the allegations of the said declaration that the plaintiff was in as good a position as

the defendant to know of the likelihood of barrels falling into the space between the platform and wagons backed up to the platform.

"6.   It is manifest from the allegations of the declaration that the cause of the barrel falling into the space between the platform and the wagon was not due in any sense to the manner of the construction of the platform, but was due to the manner in which the plaintiff handled the said barrel."

The demurrer was sustained and the plaintiff not desiring to amend asked for final judgment on the demurrer, which was entered, and plaintiff took writ of error.

In this State assumption of risk and contributory negligence do not have to be negatived by the plaintiff, they being when applicable matters of affirmative defense to be presented by the defendant. But if either sufficiently appears in the pleadings or evidence of the plaintiff, the defendant is entitled to such benefit therefrom as the law permits.

If in a declaration in an action for negligence brought by an employee against the employer, assumption of risk or contributory negligence clearly appears as matter of law, either from allegations or by inference from allegations of fact, and such assumption of risk or contrubutory negligence constitutes a bar to the action, the declaration may be subject to a demurrer containing appropriate specific grounds. But if by the allegations of the declaration and inferences properly drawn therefrom contributory negligence or assumption of risk does not clearly appear, the declaration may state a cause of action.   An employee may not assume a risk discovered

at the time of his injury.    G. A. L. Co.' v. Brook, 55 Fla. 577.

It does not clearly appear as matter of law from the allegations of this declaration, or by inference from the allegations of fact in the declaration, which are admitted by this demurrer, that the plaintiff in fact knew of, or from its obvious nature should have known of, *and appricated* the *risk* arising from the construction of the platform and the unloading of barrels therefrom upon a wagon.   Nor does contributory negligence clearly appear from the declaration.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J., dissent.