ROY E. SWANSON v. MIAMI HOME MILK PRODUCERS' ASSN.

157 So. 415.
Opinion Filed October 30, 1934.
Rehearing Denied November 23, 1934.

*Dunbar H. Johnson, Jr.,* and *George E. Holt,* for Plaintiff in Error;

*Kurtz & Reed,* for Defendant in Error.

DAVIS, C. J.—From a judgment for the defendant entered on a demurrer interposed to plaintiff's declaration, plaintiff took this writ of error.

The action was one wherein Swanson, an employee, sued Miami Home Milk Producers' Association, his employer, in an action on the case. It appeared from the declaration that defendant being in the dairy business maintained a machine for pasteurizing and bottling milk and cream; that plaintiff was employed by the defendant to work at said pasteurizing machine by pouring cans of cream weighing about 115 pounds each into the top of the device; that the pasteurizer was near the wall of the building and on an elevation reached by several steps; that the top of the pasteurizer was about seven feet above the floor; that by reason of the manner of construction of the steps leading to the pasteurizing machine and also by reason of the failure of defendant to furnish an adequate number of workmen to lift the 115-pound cans and pour their contents into the pasteurizer under the working conditions and place of performance of the work furnished by defendant, that plaintiff severely injured his back while attempting to lift, without assistance, one of the cans of cream and empty it into the pasteurizer.

From the declaration upon which the judgment was entered on demurrer it seems clear that plaintiff must have known and appreciated the fact that he was required to lift and empty heavy cans of cream into the pasteurizer and that the performance of his task in so doing involved

an undertaking on his part to work at the precise place and in attendance upon the particular machine he was endeavoring to serve at the time he was injured. The fact that the declaration contains an allegation undertaking to deny knowledge of the obvious is insufficient to constitute a legal negation of the reasonable inferences to be drawn from the physical facts and peculiar conditions of work otherwise described by plaintiff in his declaration.

Where it clearly appears as a matter of law from the allegations of a declaration or by inference from the allegations of fact set forth in the declaration, which are admitted by a demurrer, that the plaintiff in fact knew of, or from its obvious nature must have known of a usual and ordinary risk that would be encountered by him in his carrying on the exact work his employment contract required him to perform, and it is shown by the declaration that an injury complained of was within the scope of such usual and ordinary risk that plaintiff knew, or must have known, attended the work he was undertaking to do, a demurrer to such declaration on the ground of assumption of risk is properly sustained, although the defense of assumption of risk is ordinarily a special defense that must be specially set up by an affirmative plea. See Arnold v. Texas Co., 77 Fla. 301, 81 Sou. Rep. 462, where this rule was approved but the facts of the particular case decided not to be within the rule stated.

Workmen employed to lift or carry ordinary objects, are bound to know that a certain amount of physical strength will be required to accomplish the task undertaken, and if a workman misconceive the amount of physical strength required to be extended and his own physical capacity to furnish that strength, and thereby overstrains himself, and is thereby injured through his attempt to overtax his physical

abilities, the risk of such injury is an assumed risk on the workman's part and the master is not liable for an injury within the scope of such assumption of risk. Worlds v. Georgia R. Co. 99 Ga. 283, 25 S. E. Rep. 646; White v. Owosso Sugar Co., 149 Mich. 473, 112 N. W. Rep. 1125; Lake v. Shenango Furnace Co., 160 Fed. (C. C. A. 8th) 887; Williams v. Kentucky River Power Co., 179 Ky. 577, 200 S. W. Rep. 946, 10 A. L. R. 1396.

Assumption of risk rests in contract in that it arises out of the implied conditions of the contract of employment. It is ordinarily expressed in the form of the legal maxim, *"Volenti non fit injuria."* It is quite different from contributory negligence in that contributory negligence involves a definite breach of duty on the employee's part that amounts to a tort contributing to an injury alleged to have been negligently occasioned on the part of the employer. See Priestly v. Fowler, 3 M. and W. 1, 7 L. J. (N. S.) 42, 19 Eng. Rul. Cases, 102, for the origin of the rule concerning assumption of risk. It is generally held that the employee cannot be held to have assumed the risk of his employer's negligence but only those ordinary and incidental risks that constitute the likely perils attendant upon the work or task itself as the purpose of the contract of employment contemplates it shall be carried on. Such is the rule adopted in Florida. Wilson & Toomer Fert. Co. v. Lee, 90 Fla. 632, 106 Sou. Rep. 462.

It clearly appearing from the declaration that the servant plaintiff must as a matter of law be held to have assumed the risk of the injury that occurred, under the pleaded circumstances of its occurrence, the question was properly determined against plaintiff by the sustaining of defendant's demurrer to the declaration.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.