FLORIDA GRAVEL COMPANY v. EMMA DAVIS

170 So. 660.
Division B.
Opinion Filed October 30, 1936.

*E. S. Blake* and *H. M. Taylor,* for Plaintiff in Error;

*John H. Carter* and *John H. Carter, Jr.,* for Defendant in Error.

BUFORD, J.—In this case plaintiff in error presents eight (8) questions for our determination. We have considered the first, second, third, fifth, sixth and eighth questions stated in connection with the record and find no reversible error disclosed. The fourth and seventh questions are as follows:

"4. In an action from wrongful death, with a plea of contributory negligence, is an instruction proper which states 'That defense assumes that the defendant itself was negligent as alleged, but says that the plaintiff's husband was also negligent, and that his negligence contributed proximately to the accident or injury, AND NOT THE NEGLIGENCE OF THE DEFENDANT.'"

"7. Is it reversible error for the trial court in charging the jury to instruct them that the defendant bases its defense upon matters set up in its pleas, then briefly stating the substance of all the special pleas but omitting the general issue and concluding with the following words:

" 'The burden of proving those things (is) on the defendant and if it fails to prove them as alleged by a preponderance of the evidence you will find for the plaintiff,' thus throwing the burden of proof on the defendant to establish all of its pleas before the jury will be entitled to find for the defendant?"

The lower court answered the fourth question in the affirmative and the seventh question in the negative. Both answers were erroneous.

The charge or instruction to the jury which is complained of was as follows:

"Contributory negligence means something more than merely being negligent. That defense assumes that the defendant itself was negligent as alleged, but says that the plaintiff's husband was also negligent, and that his negligence contributed proximately to the accident or injury, and not the negligence of the defendant. As I said before, it is not sufficient to show that plaintiff's husband was negligent in some respect, but the evidence must go further and show that it was his own negligence that proximately caused the injury. If the evidence in this case does not go that far, but may show some slight negligence on his part, it would be your duty to find for the plaintiff on that issue."

This charge is confusing and directly conflicting. It correctly states that by a plea of contributory negligence the "defense assumes that the defendant itself was negligent as alleged but says that the plaintiff's husband was also negligent, and that his negligence contributed proximately to the accident or injury." Then it incorrectly states "and not the negligence of the defendant." Now the plea of contributory negligence does not mean that the defendant says that its negligence did not also contribute to the injury to

the plaintiff. The plea of contributory negligence means that the defendant not denying its own negligence asserts that the negligence of the plaintiff contributed along with the negligence of the defendant to the injury of plaintiff and under such plea it is not necessary for the defendant to prove that his negligence did not contribute to the accident or injury but his proof is required only to go so far as to show that although the negligence of the defendant contributed proximately to the accident and injury that the plaintiff was also guilty of negligence which contributed proximately to the accident and injury.

The remainder of the quoted charge only emphasizes the error and confusion when the court went on to say, "it is not sufficient to show that plaintiff's husband was negligent in some respects but the evidence must go further and show that it was his own negligence that proximately caused the injury."

The necessary import of this language was that the jury was instructed that under the plea of contributory negligence the burden was on the defendant to show that the negligence of the plaintiff was the sole proximate cause of the injury. The giving of that charge constituted reversible error.

The charge complained of in the seventh question was as follows:

"2. The defendant bases its defenses upon the matters set up in its pleas, namely; that plaintiff's husband's own negligence was the proximate cause of his injury and death which in law is called contributory negligence; and that he assumed the risk of the alleged defective machinery by working with it, with knowledge of its defective condition, and of the risk, if any, in working with it, this is called assumption of risk; and that there was an agreement between

plaintiff's husband and the defendant company that defendant would cover all the employees including plaintiff's husband with insurance, and that the insurance money in case of injury or death of the plaintiff's husband would go to his beneficiary as a settlement in full for all claim against the defendant on account of such injury or death. Plaintiff denies that her husband was negligent, or that any negligence on his part was the proximate cause of the injury. She also denies that her husband knowingly assumed the risk of the alleged undertaking he was working at. She also denies that there was any agreement between her husband and the defendant about the insurance such as claimed by the defendant. These denials throw the burden of proving those things on the defendant, and if it fails to prove them as alleged by a preponderance of the evidence, you will find for the plaintiff."

The infirmity of this charge is found in the language.

"These denials throw the burden of proving those things on the defendant and if it fails to prove them as alleged by a preponderance of the evidence, you will find for the plaintiff." That language is confusing and misleading. The defendant was not required, if it proved its plea of contributory negligence, to prove anything else. If it proved the assumption of risk, then it was not required to prove contributory negligence. The reasonable construction of the charge as given is that by the denials mentioned the burden of proof is thrown on the defendant to prove all that has been denied and, if he fails to *prove them,* as alleged by preponderance of the evidence, the jury should find for the plaintiff. (Emphasis ours.)

The record shows that in the trial of this case close questions were presented to the jury for their determination and upon which determination they were to base their verdict.

Therefore, we cannot say that the use of improper, confusing or misleading language in the instructions given by the court to the jury, though erroneous, were harmless. It follows, therefore, that because of the giving of these erroneous instructions the judgment must be reversed and the cause remanded for new trial.

It is so ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., concurs specially.

TERRELL, J. (concurring).—I agree to reversal but I think the plea of contributory negligence was proven.

DAVIS, J. (specially concurring).—I concur in the conclusion to reverse the judgment for the confusion pointed out in the Court's charges, but deem it important to call attention to the obvious confusion that has occurred in the minds of counsel, as well as of the court, between the doctrine of *assumption of risk* and that of *contributory negligence*. The distinction is most important and should never be lost sight of in making up the issues in a case of this kind. It applies especially to the fifth plea involved in this case.

Assumption of risk is a matter of contract. Contributory negligence is a matter of conduct irrespective of contract. To defeat a servant of his action on the ground of *assumption of risk* it is necessary to show that he agreed, expressly or impliedly in his contract of employment, long before the accident happened, that he would assume the very risk from which the servant's injury arose. To defeat a servant of his action by the rule of contributory negligence, it is only necessary to show that because of the

servant's negligent conduct at the time of the accident, the accident was in part caused to happen, or in other words, that the servant's conduct, under all of the attendant circumstances, fell so far short of ordinary care that the injury was in part proximately caused by servant's own fault concurring with that of his master. See Wilson, etc., Fert. Co. v. Lee, 90 Fla. 632, 106 Sou. Rep. 462; Cooney-Eckstein Co. v. King, 69 Fla. 246, 67 Sou. Rep. 918; Swanson v. Miami Home Milk Producer's Assn., 117 Fla. 110, 157 Sou. Rep. 415. The foundation of the doctrine of assumption of risk is to be found in the ancient English case of Priestly v. Fowler, 3 M. & W. 1, 7 L. J. Exch. 42, 19 Eng. Rul. Cases 102, 18 R. C. L. 671, *et seq.*

The doctrine of *assumption of risk,* as employed in the law of master and servant where it is principally, if not solely applicable in the law of negligence, is merely another way of saying that the terms or nature of a servant's contract of employment may be such that, under all the circumstances, the law imposes the hazard upon the employee for certain injuries that are likely to happen to him because of the character of his duties, whether the master be negligent or not. In this respect, a plea of *assumption of risk* differs from a plea of *contributory negligence,* because a plea of contributory negligence impliedly admits *some* negligence on the master's part that proximately contributed to causing the servant's injury, but says that the injury would not have been caused even in the face of the master's admitted negligence, had the servant himself observed ordinary care under the circumstances, for his own well being. On the other hand a plea assumption of risk when interposed as a defense, takes the position on the master's part that the servant has been injured through a fortuitous happening that was not to be unexpected from the nature of

the servant's duties under his employment contract, and that therefore, inasmuch as the master has been entirely free from *all* negligence proximately contributing to causing the precise injury of which the servant complains and sues, that under the circumstances the law should impose the hazard upon the servant, because the terms or nature of his contract of employment required him to assume the risk of those injuries that were likely to happen in the course of such employment without the master's fault, or regardless of any precaution that the master would ordinarily take for his servant's protection. See: Rase v. Minn. St. P. & S. Ste. M. R. Co., 107 Minn. 260, 120 N. W. 360, 21 L. R. A. (NS) 138, and notes appended thereto.

Whenever a man, whether servant or not, undertakes work that is dangerous, or does anything dangerous, he encounters the risk, but it by no means follows that legally speaking he *assumes* the risk. City of Jacksonville Beach v. Lola May Jones, 101 Fla. 96, 133 Sou. Rep. 562. Under no circumstances can a man be said to assume the risk of injury from another's negligence when he himself is free of fault, because indeed a specific written contract against negligence of another is void, when made in advance of injury. Such a contract would be void as against public policy.

WHITFIELD, C. J., and BROWN, J., concur.