WILLIE RUSSELL v. ATLANTIC COAST LINE RAILROAD CO.

176 So. 778
Opinion Filed September 20, 1937.
Rehearing Denied November 18, 1937.

536

*Evan T. Evans,* for Plaintiff in Error;

*W. E. Kay, J. L. Doggett* and *J. L. Doggett, Jr.*, for Defendant in Error.

CHAPMAN, J.—On April 1, 1936, plaintiff below, who is plaintiff in error here, filed his declaration in the Circuit Court of Duval County, Florida, against the Atlantic Coast Line Railroad Company, a corporation, who is defendant in error here, in which it was alleged that he received permanent physical injuries caused by the negligence of the defendant on July 31, 1934, while in its employment. It is alleged that the defendant through its foreman assigned plaintiff the duty of moving scrap iron from the yards of the defendant by means of a car on rails and these articles placed in a bin. The plaintiff was injured when moving a "draw head" of approximately 200 pounds weight from the yard to the waste iron bin. He was employed by the defendant at the time as a common laborer.

The record shows that no attacks were made by the defendant on the legal sufficiency of the declaration but a plea of the general issue or one of not guilty was filed to this declaration on July 18, 1934. A jury was sworn to try the issues and after all evidence in behalf of the plaintiff had been adduced and an announcement by plaintiff's counsel was made "that he at that time had no other evidence to offer," counsel for defendant moved the court on various grounds to direct the jury to find a verdict for the defendant. Out of approximately 30 reasons for a directed verdict, it seems the following are sufficient to dispose of this suit:

"1. The plaintiff has failed to prove any actionable negligence on the part of the defendant.

"2. The undisputed evidence in this case shows that the occupation engaged upon at the time of the accident and injury was the simple moving of 'draw heads,' and

had nothing whatsoever to do with the occupation of rail-roading.

"3. The undisputed evidence in this case shows that the negligence of the plaintiff himself proximately contributed to his injury.

"4. Because the work that plaintiff was engaged in at the time of his alleged injury did not bring this case within the hazardous occupation act and all the evidence shows, he was proximately guilty of negligence, therefore there can be no recovery.

"5. The undisputed evidence in this case shows that the accident and injury resulted proximately from a cause other than the negligence on the part of this defendant.

"6. The plaintiff's own negligence was the proximate cause of the injury."

The Court below sustained the motion for a directed verdict, overruled a motion for a new trial and caused to be entered a final judgment for the defendant and a bill of exceptions was signed by the lower court and the cause is here on writ of error. The assignments of error made here, broadly speaking, seek a review of the order of the lower court in granting defendant's motion for a directed verdict.

Counsel for plaintiff in error suggests the question for decision is: Does the plea of not guilty in a tort action admit the relation of the parties as alleged in the induce-ment of the declaration? That if this question presents the issue to be settled, then the judgment appealed from should by this Court be reversed. The following authorities are cited in his brief to sustain his position: Section 4332 C. G. L., 2666 R. G. S. Crandall in Florida Common Law Practice, page 179; Harbeson Lumber Co. v. Anderson, 102 Fla. 731, 136 Sou. Rep. 557; McLeod Const. Co. v.

Cooper, 101 Fla. 441, 134 Sou. Rep. 224; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 Sou. Rep. 318; Atlantic Coast Line Co. v. Coachman, 59 Fla. 130, 52 Sou. Rep. 377, 20 Ann. Cas. 1047; City of Key West v. Baldwin, 69 Fla. 136, 67 Sou. Rep. 808; Smith v. Coleman, 100 Fla. 1707, 132 Sou. Rep. 198.

It is unfortunate that counsel for plaintiff in error failed and otherwise omitted to define, designate or point out the exact words of the declaration which he considered or believed to be the inducement. It may be that pleadings vary from time to time as to the inducement part thereof. We take the definition of "inducement" from Bouvier's Law Dictionary, being:

"In Pleading. The statement of matter which is introductory to the principal subject of the declaration or plea, and which is necessary to explain or elucidate it. Such matter as is not introductory to, or necessary to elucidate the substance or gist of, the declaration, plea, etc., nor collaterally applicable to it, is surplusage.

"And inducement is, in general, more a matter of convenience than of necessity, since the same matter may be stated in the body of the declaration; but by its use confusion of statement is avoided; 1 Chitty, Pl. 259.

"But in many cases it is necessary to lay a foundation for the action by a statement by way of inducement, of the extraneous or collateral circumstances which give rise to the plaintiff's claim. For instance, in an action for a nuisance to property in the possession of the plaintiff, the circumstances of his being possessed of the property should be stated as inducement, or by way of introduction to the mention of the nuisance; 1 Chitty, Pl. 292; Steph. Pl. 257."

Also 49 Corpus Juris, page 139, par. 143:

"Matter of Inducement. Inducement is the statement of matter which is introductory to the principal subject of the pleading, and which is necessary or suitable to elucidate it and make its purport clear. If such matter is not so related to the constitutive facts of the cause of action it is surplusage, and whether matter is surplusage or proper inducement is to be determined by a sound construction of the entire pleading. Its office being merely explanatory, it does not require exact certainty, nor is it necessary that it be formal. If it substantially suffices to make the principal facts intelligible, that is enough."

If the rule stated in the authorities, *supra,* applies, it is readily observed that more of the declaration is included under the "inducement clause" than contemplated by counsel for plaintiff in error. Counsel for defendant in error assert in their brief the following portion of the declaration should be considered in this cause as the inducement, viz.:

"That, on or about the 31st day of July, 1934, defendant was engaged in the occupation of railroading in Duval County, Florida, and then and there had and maintained in and about the carrying on of such occupation a certain railroad shop or yard at which plaintiff was then and there employed by defendant as a common laborer under the direction, control and orders of the foreman then and there employed by defendant to direct the work of plaintiff and certain other laborers then and there employed by the defendant in and about said occupation at said shop or yard * * *"

This Court in construing Section 4363 C. G. L., in the suit of Stevens v. Tampa Electric Co., 81 Fla. 512, text page 518, 88 Sou. Rep. 3031, said:

"A party moving for a directed verdict admits not only

the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Gravette v. Turner, 77 Fla. 311, 81 South. Rep. 476."

All of plaintiff's witnesses testified that plaintiff received his injury when moving the scrap iron scattered along the yards; on alternating days he worked on car boxes; he was classified as a common laborer and received such pay— he could have had additional help by calling for it; the draw heads weighed from 175 to 200 pounds; it required two or three persons to throw the draw head in the bin; he had worked for defendant for a number of years but some few months prior to the injury received higher daily wages than working as a common laborer and assigned to gather scrap iron from the defendant's yards. The plaintiff was bound to know the danger and risk connected with the handling of these draw heads and that his physical strength was insufficient to accomplish the same task required of two or three; his knowledge of the work, his experience gathered over the years, his intelligence, age and knowledge of all these surroundings were essential factors which bring home to an ordinary prudent man the law of self preservation.

The rule controlling this suit was before us in the case of Swanson v. Miami Home Milk Producers' Ass'n, 117 Fla. 110, text page 112, 157 Sou. Rep. 415, when we said:

"Workmen employed to lift or carry ordinary objects, are bound to know that a certain amount of physical strength will be required to accomplish the task undertaken, and if a workman misconceive the amount of physical strength required to be extended and his own physical capacity to furnish that strength, and thereby overstrains himself, and is thereby injured through his attempt to overtax

his physical abilities, the risk of such injury is an assumed risk on the workman's part and the master is not liable for an injury within the scope of such assumption of risk. Worlds v. Georgia R. Co., 99 Ga. 283, 25 S. E. Rep. 646; White v. Owosso Sugar Co., 149 Mich. 473, 112 N. W. Rep. 1125; Lake v. Shenango Furnace Co., 160 Fed. (C. C. A. 8th) 887; Williams v. Kentucky River Power Co., 179 Ky. 577, 200 S. W. Rep. 946, 10 A. L. R. 1396."

The judgment appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—As I understand this declaration, it did not allege that *the plaintiff* was employed in "railroading;" nor does the evidence show it. In order for the "hazardous occupations" Statute to apply, it must appear from the pleadings and proof that the plaintiff, at the time he was injured, was engaged in one of the hazardous occupations mentioned therein. The fact that *the employer* is so engaged, generally, in such an occupation, is not sufficient. "Railroading" means "work upon a railroad" and "the business of constructing railroads." Gulf F. & A. Ry. Co. v. King, 73 Fla. 325, 74 So. 475; Wood v. Davis, 290 Fed. 1 (C. C. A., 5th Circt.). It seems that the work the plaintiff was doing in this railroad company's yard was of such a nature as any ordinary laborer would perform in yards of other concerns engaged in some other kind of general business, and thus he was not engaged in the hazardous occupation of "railroading." So, regardless of the allegations in the declaration, the proof did not bring plaintiff within the terms of the statute referred to. Therefore, as pointed out in Mr. Justice Chapman's opinion, the rule laid

down in Swanson v. Miami Home Milk Producers Ass'n, 117 Fla. 110, 157 So. 415, was applicable.