J. EDWARD MOODY v. EUGENE HANLON.

179 So. 164.
Division A.
Opinion Filed February 4, 1938

*Sanders & Maxwell,* for Plaintiff in Error;
*Edward E. Fleming,* for Defendant in Error.

BUFORD, J.—To judgment in favor of the defendant in a suit for personal injuries the plaintiff sued out writ of

error. Judgment was entered on a directed verdict in favor of the defendant.

There was an original declaration to which demurrer was filed and sustained. Thereupon an amended declaration was filed in four counts. The four counts of the amended declaration declared upon the same cause of action which was declared on in the original declaration.

Plaintiff in error contends that the court committed reversible error in sustaining demurrer to the original declaration. If he had stood on the original declaration and had judgment on demurrer sustained, we would discuss the merits of his contentions. But, since he filed an amended declaration to which demurrer was overruled, he has lost nothing by reason of the action of the court in sustaining demurrer to the original declaration as to which demurrer was sustained only to the first count.

To counts 2, 3 and 4 the defendant pleaded not guilty, contributory negligence and assumption of risk and, upon issue joined, trial was had.

We must hold that there was no error in the action of the court in directing a verdict in favor of the defendant under the plea of assumption of risk.

The record shows that the plaintiff was a journeyman plumber working for and under the direction of the defendant; that he was employed to install plumbing fixtures in an old building; that amongst other things he was directed to cut a hole in a wall. The plaintiff was directed by defendant to go to a certain filling station and get a stepladder to be used by the plaintiff to get up high enough on the wall to cut the hole required. The plaintiff went to the filling station, examined the stepladder, found nothing wrong with it, took it on to the job and, after doing certain preliminary work, placed the stepladder himself, got

on top of it for the purpose of cutting a hole some 11 or 12 feet from the ground. The stepladder was 8 feet high. While he was in the act of cutting the hole in the wall, for some reason, plaintiff and the stepladder fell and in falling plaintiff struck some plumbing pipes that were lying about the foot of the stepladder on the ground. The plaintiff was an experienced plumber and had seen and used many stepladders. He testified that he could not state that the ladder broke, or that any part of it broke and that he did not know what caused the ladder to fall. Under this state of facts no latent defects having been shown to exist in the stepladder and no cause having been shown as to why it fell, we must hold that the law of assumption of risk applied, especially in view of the fact that there is no evidence that the defendant or any one else in his behalf directed the plaintiff as to how the stepladder should be set up, as to the position in which it should be set or what position the plaintiff should assume on the ladder.

In American Box and Lumber Co. v. Chandler, 102 Fla. 907, 138 Sou. 29, we held:

"The rule requiring a master to furnish a reasonably safe place to work is usually applied to a permanent or quasi-permanent place and not to structures or instrumentalities of a temporary nature employed by the servants or employees in preparation for or in the progress of their work and except in certain unusual or extraordinary cases the rule does not apply to buildings in process of construction. See Convery v. Stubbs, 257 Pa. 394, 111 Atl. Rep. 251. The doctrine is clearly expressed by Mr. Justice Gillett speaking for the Court in Southern Indiana R. Co. v. Harrell, 161 Ind. 689, 68 N. E. Rep. 262, 63 L. R. A. 460, as follows: a master is not bound to have a representative present at every moment to keep the place that appellee

(the injured party) might chance to occuy safe, as against the possible negligence of a co-employee.' See also 39 C. J. 353; Noble v. C. Crane & Company, 169 Fed. 55.

"The construction of a building is in its nature a dangerous employment and is rendered more so as the work progresses and the superstructure rises upon the foundation. Scaffolds and other temporary places in which to work become necessary to be erected as part of the general or main enterprise. Such dangers as are incident to such work the employee knows and the risk therefrom he assumes, unless the unusual or extraordinary conditions exist which require the employer to personally superintend or direct the building of the temporary place or scaffold. The rule is recognized by this Court in Jacques v. Miami Ice & Cold Storage Co., 73 Fla. 1193, 75 South. Rep. 788."

See also Swanson v. Miami Home Milk Producers Association, 117 Fla. 110, 157 Sou. 415.

The record shows that the plaintiff was familiar with stepladders and the use thereof; that he examined the stepladder which he did use and found nothing wrong with it except he thought it was not long enough for the purpose for which he intended to use it. This fact, however, was perfectly obvious to him and, with all such knowledge, he proceeded to take the ladder to the place where he was to use it, set it up and used it.

In South Florida R. R. Co. v. Weese, 32 Fla. 212, 13 Sou. 436, this Court said:

"The rule is well settled that among the positive duties resting upon the master to the servant is the obligation to exercise such reasonable care as prudence and the exigencies of the situation require in providing the servant with safe machinery and suitable instrumentalities, and a reasonably safe place in which to work. The negligence of the

master in this respect is not one of the perils or risks assumed by the employe in his contract of employment, and he has the right to insist that the master shall strictly comply with his obligations in this respect. But while this rule is clearly established, it is also well settled that it is a complete answer to the claim for damages resulting from a failure to furnish suitable instrumentalities and a safe place to work, that the injured servant has full knowledge of the situation and voluntarily engaged in the employment or continued therein with such knowledge without objection or protest, and without any assurance on the part of the employer to provide better."

So it is that we must hold that under the plaintiff's testimony the defendant's plea of assumption of risk was fully established and a directed verdict was proper.

The judgment is affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN, and CHAPMAN, J. J., concur in the opinion and judgment.