357 So.2d 786 (1978)
Sanford R. BURNS et al., Appellants,
v.
EQUILEASE CORPORATION, etc., Appellee.
No. 77-1680.
District Court of Appeal of Florida, Third District.
April 25, 1978.
Greene & Cooper, Miami, for appellants.
Friedman & Britton and Arnold D. Schatzman and J.T. Haley, Miami, for appellee.
Before HUBBART & KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellants, defendants below, bring this interlocutory appeal from an order dated June 28, 1977, entered by the trial court granting appellee's, plaintiff below, motion for partial summary judgment on liability.
Appellants' basic contention on appeal is that the trial court erred in entering the *787 order appealed because, if the trial court had not improperly stricken certain portions of their answer, there would have existed justiciable issues of material facts which would have precluded the granting of the partial summary judgment on liability.
Appellee's complaint sought a judgment against appellants for the deficiency which resulted when certain collateral was sold. Appellants' answer asserted that a deficiency judgment could not be rendered against them because appellee failed to provide adequate notice of the time and place of the sale. Appellee moved to strike this defense on the ground that it did not constitute a valid defense to the complaint. The trial court granted appellee's motion to strike; thereafter, it granted partial summary judgment on liability in favor of appellee.
The gist of appellants' stricken defense is that the "lease" between the parties was intended to create a "security interest" and that it was governed by Article 9 of the Uniform Commercial Code [hereinafter cited as Code], Sections 679.101, et seq., Florida Statutes (1975). Appellants argue that, pursuant to these Sections of the Code, they were entitled to notice of the sale of the collateral, or else appellee was precluded from obtaining a deficiency judgment against them. As authority for this proposition, appellants cite Washington v. First National Bank of Miami, 332 So.2d 644 (Fla. 3d DCA 1976); Turk v. St. Petersburg Bank and Trust Company, 281 So.2d 534 (Fla. 2d DCA 1973); and Sections 679.501(3)(b) and 679.504(3), Florida Statutes (1975).
We agree with the proposition set forth by appellants. If the "lease" between the parties created a "security interest" between them, appellants were entitled to assert the defense of no notice as a bar to appellee's recovery of a deficiency judgment against them. Whether or not the "lease" did create such a "security interest" under the Code is a question which could not be properly disposed of by a motion to strike. A motion to strike a defense tests only the legal sufficiency of the defense. It is reversible error for a trial court to strike a defense where evidence may be presented to support it. See, e.g., Citizens and Southern Realty Investors v. Lastition, 332 So.2d 357 (Fla. 4th DCA 1976); Stewart v. Gore, 314 So.2d 10 (Fla. 2d DCA 1975); Pentecostal Holiness Church v. Mauney, 270 So.2d 762 (Fla. 4th DCA 1972); and Windle v. Sebold, 241 So.2d 165 (Fla. 4th DCA 1970). In our opinion, the trial court improperly struck appellants' defense in regard to the failure of appellee to give appellants notice of the sale of the collateral. If this defense had not been improperly stricken, it would have raised justiciable issues of material facts which would have precluded the granting of the partial summary judgment on liability. Fla.R.Civ.P. 1.510. Accordingly, the order appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.