368 So.2d 380 (1979)
CUYAHOGA WRECKING CORPORATION and Gray Line Sightseeing Tours, Inc., a/K/a American Transit Corporation, Appellants,
v.
William MASTRES et al., Appellees.
Nos. 78-275, 78-360.
District Court of Appeal of Florida, Third District.
February 20, 1979.
Rehearing Denied March 26, 1979.
*381 Underwood, Gillis, Karcher & Reinert, Daniels & Hicks and Sam Daniels, Miami, Kuvin, Klingensmith & Lewis and R. Fred Lewis, Coconut Grove, for appellants.
Koltun & Tobias, Coral Gables, Preddy, Kutner & Hardy, Greene & Cooper and Robyn Greene, Miami, for appellees.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellants, defendants below, bring these consolidated appeals from final judgments in favor of appellees in a personal injury and indemnity action. We reverse.
In 1976, appellant Gray Line Sightseeing Tours, Inc., owned a dilapidated and vacant building near downtown Miami. The City of Miami declared the building unsafe and ordered it demolished to ground level. Gray Line entered into a contract with appellant Cuyahoga Wrecking Corporation to do the demolition work which included the removal of a 120 foot high radio antenna. Cuyahoga, in turn, entered into an agreement with appellee Mobile Communications, Inc., to remove the antenna. The agreed price to be paid by Cuyahoga to Mobile was that it could keep the antenna for removing it.
On July 13, 1976, appellee William Mastres, a Mobile employee was on the tower dismantling it. Some children on the roof apparently loosened a turnbuckle holding a supporting guy wire, causing the antenna to fall. Mastres was injured in the fall. Thereafter, he sued Gray Line and Cuyahoga. Gray Line then filed an indemnity claim against Cuyahoga who filed an indemnity claim against Mobile, Mastres's employer. The cause was tried by a jury and resulted in special verdicts finding that Mastres was not at fault and entitled to recover $150,022.50 from Gray Line and Cuyahoga who were respectively 35% and 65% negligent. The jury also found that Gray Line was not entitled to indemnity from Cuyahoga and that Cuyahoga was not entitled to indemnity from Mobile. From the final judgments entered on the verdicts, Cuyahoga and Gray Line appeal.
The pertinent part of the amended complaint filed by Mastres against Gray Line and Cuyahoga alleged:
"7. That on or about February 27, 1976 the Defendant, CUYAHOGA WRECKING CORPORATION, a/k/a WRECKING *382 CORPORATION OF AMERICA, entered into a contract with the Defendant, GRAY LINE SIGHTSEEING TOURS, INC., to do certain demolition work on the property of the Defendant, GRAY LINE SIGHTSEEING TOURS, INC., located at 1740 N.W. 1st Avenue, Miami, Dade County, Florida. A copy of said contract is attached hereto and designated Plaintiff's Exhibit `A'.
"8. That pursuant to the aforesaid contract between CUYAHOGA WRECKING CORPORATION and GRAY LINE SIGHTSEEING TOURS, INC., Mobile Communications, Inc., was hired to dismantle a certain radio tower affixed to the roof of the building located at 1740 N.W. 1st Avenue, Miami, Florida
"9. That on or about July 13, 1976, the plaintiff, WILLIAM MASTRES, an employee of Mobile Communications, Inc. was lawfully upon GRAY LINE SIGHTSEEING TOUR INC.'S property for the purpose of dismantling a radio tower affixed to the roof of the building located at 1740 N.W. 1st Avenue, Miami, Florida."
To this amended complaint, Cuyahoga filed an answer asserting as an affirmative defense:
"That the Plaintiff's sole recovery herein is covered by Florida Workmen's Compensation Statute § 440 et seq. The Plaintiff's exclusive remedy is Workmen's Compensation and any recovery herein is barred by law."
Counsel for Mastres moved to strike this defense on the following grounds:
"Plaintiff would respectfully move this Honorable Court to Strike the Fourth Affirmative Defense raised by the Defendant, CUYAHOGA WRECKING CORPORATION, since the Florida Workmen's Compensation Law, Chapter 440, Florida Statutes, does not preclude a cause of action by an injured employee against a third-party tort feasor, such as the defendants, GRAY LINE SIGHTSEEING TOURS, INC., and CUYAHOGA WRECKING CORPORATION, and therefore, as a matter of law, said Affirmative Defense should be stricken since it is not material to the Defendants in this case."
Thereafter, the trial court granted the motion to strike in an order which reads as follows:
"THIS CAUSE, came on to be heard on the Plaintiff's Motion to Strike the Fourth Affirmative Defense raised by the Defendant, CUYAHOGA WRECKING CORPORATION, on the grounds that the Florida Workmen's Compensation Law does not preclude a cause of action by an injured employee against a third-party tort feasor such as the Defendants herein, and the Court having argument of counsel and otherwise being fully advised in the premises, it is:
"CONSIDERED, ORDERED AND ADJUDGED that Plaintiff's Motion to Strike the Fourth Affirmative Defense is granted."
It is the correctness of this order which Cuyahoga raises in its only point on appeal.
Cuyahoga contends that the trial court erred in striking its defense that workmen's Compensation was Mastres's exclusive remedy against it.
When the facts so warrant, a defendant in a personal injury action has available to him the affirmative defense that workmen's compensation is the plaintiff's exclusive remedy. Thus, such a defense is a legally sufficient defense in a personal injury action. As this court recently stated in Burns v. Equilease Corporation, 357 So.2d 786 (Fla.3d DCA 1978):
"... A motion to strike a defense tests only the legal sufficiency of the defense. It is reversible error for a trial court to strike a defense where evidence may be presented to support it. See, e.g., Citizens and Southern Realty Investors v. Lastition, 332 So.2d 357 (Fla. 4th DCA 1976); Stewart v. Gore, 314 So.2d 10 (Fla.2d DCA 1975); and Windle v. Sebold, 241 So.2d 165 (Fla.4th DCA 1970)..." Id. at 787.
In our opinion, in the instant case, the amended complaint and Cuyahoga's answer *383 raise the possibility that Cuyahoga was a general contractor on the demolition job and sublet a part of its contract work, i.e., removal of the antenna, to Mobile, Mastres's employer. If this proved to be the case, Cuyahoga would be Mastres's statutory employer and, under Section 440.10, Florida Statutes (1977), workmen's compensation would be Mastres's exclusive remedy. Accordingly, we believe that it was reversible error for the trial court to strike Cuyahoga's affirmative defense that workmen's compensation was Mastres's exclusive remedy. Therefore, the final judgment against Cuyahoga is reversed and the cause is remanded for further proceedings.
Gray Line's basic contention on appeal is that the trial court erred in refusing to enter a directed verdict in its favor at the close of all the evidence.
Gray Line argues that for Mastres to sustain a cause of action against it, it was necessary among other things, for him to prove the existence of a duty on the part of Gray Line to protect him from the injury of which he complained. See, e.g., Lane Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla.2d DCA 1976). The record shows that Mastres proceeded to trial on the theory that Gray Line had a legal duty to provide him a safe place to work. Based on the facts of this case, we believe that Gray Line had no common law legal duty to provide Mastres with a safe place to work. The Supreme Court of Florida discussed this problem in Jaques v. Miami Ice and Cold Storage Co., 73 Fla. 1193, 75 So. 788 (1917), as follows:
"The very work the plaintiff was engaged to do rendered the place more dangerous as the work progressed. The doctrine of a `safe place to work' has no application in cases like that. The employee assumes the risk by accepting the employment. [citations omitted]. The defendant did not in this case undertake to direct the plaintiff as to how the work should be performed, nor is it alleged that the rotten condition of the timbers in the room were known to the defendant; but the allegation in this particular is that the precaution of a reasonable inspection would have revealed the danger. The nature of the employment required the employee to make such an inspection. Every workman understands that there is more or less danger incident to the destruction of old buildings or the repairing of buildings, and he governs himself accordingly.
* * * * * *
"`The relation of master and servant implies no obligation upon the latter to take more care of the servant than he is willing to take care of himself.'" Id. at 789-790.
See also, e.g., Quinelly v. Southern Maid Syrup Co., Inc., 164 So.2d 240 (Fla.2d DCA 1964); Lonis v. Flagler Federal Savings & Loan Assoc., 164 So.2d 41 (Fla.3d DCA 1964); and Kagan v. Eisenstadt, 98 So.2d 370 (Fla.3d DCA 1957). We believe that the principles illustrated by these cases are applicable here.
Further, Gray Line argues that the trial court erred in permitting Section 304.2 of the South Florida Building Code, adopted in Dade County by Section 8-1 of the Code of Metropolitan Dade County, to be introduced into evidence. Subsequently, the trial court in reliance upon this Section instructed the jury that a violation of the Code was negligence per se. We believe that, based upon the facts of this case, it was error for the trial court to permit the introduction of Section 304.2 into evidence. The record shows that the effect of this Section was to create by ordinance a duty on the part of Gray Line to Mastres to provide him with a safe place to work, where no such duty existed under the common law. Assuming for the sake of argument the applicability of Section 304.2 in this case, we believe that Mastres was clearly outside the class of any persons afforded any protection by the Section. Here, Mastres was injured while performing the duties for which he was hired. Under such circumstances in our opinion, he was clearly not within any of the classes of persons sought to be protected by Section 304.2. Thus, as to Mastres, the Section created no *384 duty for Gray Line to provide him a safe place to work. See deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla. 1973); Schulte v. Gold, 360 So.2d 428 (Fla.3d DCA 1978); Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla.3d DCA 1976); and Florida East Coast Railway Co. v. Pollack, 154 So.2d 346 (Fla.3d DCA 1963).
Accordingly, because of our determination above that Gray Line owed no duty to appellee Mastres to provide him a safe place to work, the trial court erred when it failed to grant Gray Line's motion for a directed verdict at the close of all the evidence. Therefore, the final judgment in favor of Mastres against Gray Line is reversed and the cause is remanded with directions to the trial court to enter judgment in favor of Gray Line.
Reversed and remanded with instructions.
PEARSON, J., concurs in the decision only.