354 So.2d 1222 (1978)
FLORIDA FREIGHT TERMINALS, INC., Appellant,
v.
Joe CABANAS, As the Administrator of the Estates of Vincente Iglesias, Teresa Iglesias, Maria Iglesias, and Manuel Iglesias, Deceased, Appellee.
Nos. 76-2210 to 76-2213.
District Court of Appeal of Florida, Third District.
January 24, 1978.
Rehearing Denied February 27, 1978.
*1223 Sam Daniels, Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Ratiner & Glinn, Miami, for appellee.
Before NATHAN and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is an appeal by Florida Freight Terminals, Inc. (Florida Freight), a defendant below, from final money judgments entered pursuant to jury verdicts in four consolidated wrongful death actions.
On December 15, 1973, an airplane loaded with a cargo of Christmas trees took off from Miami International Airport, bound for Caracas, Venezuela. Minutes later, it crashed into the home of the Iglesias family of Miami. Two children, Vincente, Jr. and Jose, though injured, survived. Their parents and grandparents died as a result of the crash.
In 1974, four wrongful death actions were brought by Joe Cabanas, the administrator *1224 of the decedents' estates, against numerous defendants, and were consolidated for trial. A fifth action brought by Ladislao Ferrera, the children's guardian, for their injuries, was severed for separate trial, and remains pending.
Prior to the trial of the wrongful death actions, both appellee, acting on behalf of the four estates, and Ferrera, acting on behalf of the children in their personal injury actions, reached settlements with other original defendants for the sum of $745,000; $300,000 to go to the decedents' estates to settle the wrongful death claims and $445,000 to go to the children in their guardianship action for personal injury and pain and suffering. Releases were signed by both Cabanas and Ferrera.
The four consolidated wrongful death actions proceeded to trial against the two remaining defendants, appellant, Florida Freight, the air freight handler which loaded the cargo of trees onto the aircraft, and Paulssen and Guice, Ltd. (P&G), the freight forwarding firm which arranged for the loading and transportation of the trees and hired the pilot in charge of the flight.
During the course of trial, appellant presented evidence that the pilot, in contravention of FAA rules, had permitted the cargo to be loaded without being secured, and that the plane crash might have resulted from engine failure. P&G presented evidence that it was customary in the business for freight forwarders to rely on the expertise of freight handlers in the balancing and securing of cargo. Appellee offered extensive evidence that Florida Freight had improperly loaded the plane in that it should have tied down the trees by means of ropes, nets or other restraining devices, and that the crash was caused by the shifting of the cargo to the rear of the plane upon takeoff, making the craft so tail heavy that getting off the ground was difficult and remaining aloft was impossible. It was uncontested that Florida Freight did not secure the trees. Protracted evidence was also presented pertaining to the damage aspects of the proceedings.
During the charge conference, Florida Freight requested that the trial court instruct the jury on the "Slavin rule": that an independent contractor was not liable for its negligent acts once its work had been accepted by an owner or employer. Appellant also requested that the jury be charged that violation of applicable FAA regulations was negligence per se. The trial court denied both requests. Instead of giving the requested instruction on the "Slavin rule" the court gave instructions on proximate cause, concurrent cause and intervening cause. Instead of giving the requested instruction on negligence per se, the court instructed the jury that violation of applicable FAA regulations was non-conclusive evidence of negligence.
The jury returned a verdict in favor of P&G, and its liability is not at issue in this appeal. Florida Freight was found solely liable and damages totalling $2,034,500 were assessed. Appellee stipulated below that the $300,000 settlement reached between decedents' estates and the other original defendants was to be set off against the verdicts, but appellant's request for a hearing to determine how much of the $445,000 settlement should be set off was denied. The trial court found, as a matter of law, that no part of the $445,000 settlement between Ferrera, as guardian of the children, and the other original defendants was subject to being set off against the amounts of the final judgments in the cases sub judice, although this sum might be set off in the pending case between Ferrera and Florida Freight. Final judgment was entered against appellant in the sum of $1,734,500; that is, the amount of the total damages assessed, less the amount stipulated as a set off by appellee.
Florida Freight raises several points on appeal. Foremost among them, and one which mandates reversal, is that the trial court erred in refusing to instruct the jury that violation of the applicable FAA regulations was negligence per se.
The regulations unequivocally stated:
"No pilot in command may permit cargo to be carried in any airplane unless
.....

*1225 it is properly secured by a ... tiedown having enough strength to eliminate the possibility of shifting under all normally anticipated flight and ground conditions."
General Operating and Flight Rules, 14 C.F.R. § 91.203(a) (1973). This regulation requires the conclusion that it was designed to prevent plane crashes caused by shifting cargo and to protect that class of persons who might be injured by such a crash. It is negligence per se to violate a statute designed to protect a particular class of persons from their inability to protect themselves or to violate a statute which establishes a duty to take precautions to protect a particular class of persons from a particular type of injury. deJesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973); Sloan v. Coit International, Inc., 292 So.2d 15 (Fla. 1974). The regulation at issue in the instant case encompasses both of these situations.
While our research reveals no case in Florida which holds precisely that violation of an FAA safety regulation is negligence per se, we believe that deJesus and Sloan mandate this conclusion, and find additional support for such a position in decisions of other jurisdictions. See e.g. Gatenby v. Altoona Aviation Corporation, 407 F.2d 443 (3rd Cir.1968); Rudelson v. United States, 431 F. Supp. 1101 (C.D.Cal. 1977); Todd v. United States, 384 F. Supp. 1284 (M.D.Fla. 1975); in which the laws of Pennsylvania, California and Alabama, respectively, were found to compel the conclusion that violation of an FAA safety regulation was negligence per se.
The jury in the case sub judice was left free to find that the pilot was not negligent in carrying unsecured cargo. It should not have been at liberty to decide that violation of the standard of care imposed by an FAA safety regulation was not negligence. Failure to properly instruct the jury on this issue constituted prejudicial error and requires reversal.
Appellant also asserts as error the trial court's failure to direct a verdict for Florida Freight on the basis of the so-called "Slavin rule,"[1] which, in appropriate circumstances, has been held to sever the causal relationship between the negligence of an independent contractor and the harm resulting therefrom. We believe an accurate statement of the rule to be: An independent contractor is not liable for injuries to third parties after the contractor has completed his work and turned the project over to the owner or employer and it has been accepted by him unless the parties were dealing with inherently dangerous elements or the defect at issue was latent and could not have been discovered by the owner or employer. (Emphasis supplied.)
It is neither appropriate[2] nor necessary for us to decide whether or not the vitality of the "Slavin rule" remains undiminished in the light of more recent supreme court rulings which strive to equate liability with fault in negligence actions, e.g. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); and Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975), because we find no error in the trial court's refusal to direct a verdict in favor of Florida Freight. This is so for several reasons.
In the first place, a careful examination of the cases in which the rule has been allowed to operate to insulate an independent contractor from liability for his negligent acts or omissions reveals that the factual contexts of the cases generally encompassed the builder/subcontractor relationship vis-a-vis construction defects in buildings or delivery of material to a fixed job site. We decline to extend it at this late date into an area far afield from that in which we believe it was intended to apply, and on facts materially different from those in which the rule has been held applicable.
*1226 Secondly, it is clear that the rule was not intended to insulate an independent contractor from liability in circumstances in which inherently dangerous elements were involved. See Carter v. Livesay Window Co., 73 So.2d 411 (Fla. 1954), and Breeding's Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So.2d 376 (1941), both cited in Slavin. The instant case presents just such a situation, for we deal with the dangers which arose from the shifting of unsecured cargo on an airplane, which, when moving, is itself a dangerous instrumentality. Orefice v. Albert, 237 So.2d 142 (Fla. 1970). The only significant difference between window frames which are left on a job site unsecured (Carter) or electrical wires which are improperly connected in a stationary piece of equipment (Breeding's) and a load of Christmas trees left unsecured when they should have been fastened is that the element of danger is exacerbated in the instant case by its association with an inherently dangerous object, the moving airplane. Thus the case before us presents, not a situation in which the rule could apply, but one in which the exception is applicable.
In a circumstance involving inherently dangerous elements, where evidence of negligence has been presented, questions of causation are properly for the jury to decide. Thus the trial court committed no error in refusing to direct a verdict for Florida Freight.
The above discussion necessarily is dispositive of appellant's next assertion: that the trial court erred in failing to charge the jury that an independent contractor is not liable for injuries to third persons occurring after the work is turned over to the owner. Since the "Slavin rule" is inapplicable on the facts of this case, the requested charge was not in order.[3] The charges given adequately covered the applicable law.
The next point we reach is whether the trial court erred in ruling that no portion of the $445,000 settlement was subject to being set off against the judgments in the instant actions. The release signed by Ferrera, as guardian of the children, acknowledges receipt of $445,000, and releases the settling defendants from "any and all actions, causes of action, claims, including claims for wrongful death ... arising from the crash. It goes on to accept $222,500 on behalf of each of the children,
"for the purpose of making a full and final compromise, adjustment, and settlement of all claims of the said minor, and of his heirs and legal representatives and beneficiaries, past, present and future, including claims for wrongful death. ..."
Section 768.041(2), Florida Statutes, (Supp. 1977) provides:
At trial if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly. (Emphasis supplied.)
This provision was construed by the Florida Supreme Court as authorizing "to be set off from a judgment against one joint tort-feasor only the amount constituting a settlement for the damages or damage elements recoverable in the same cause of action against another joint tort-feasor." Devlin v. McMannis, 231 So.2d 194 (Fla. 1970), at 196.
The court went on to say:
The set off contemplated by the above-cited statutory provision must be interpreted so as to preserve the identity of the separate causes of action and the distinctive character of the damage element accruing under each such cause. The statute is designed, within the degree of specificity ascertainable under verdict *1227 and judgment procedures, to prevent duplicate or overlapping compensation for identical damages. However, in effecting this purpose, F.S. Section 768.041, F.S.A. does not require set offs where parties entitled to compensation for particular damage elements recoverable under one cause of action may be the beneficial recipients of compensation awardable for different elements of damage accruing under another cause of action. Id.

It is clear that some portion of the $445,000 was paid for the children's wrongful death claims since their personal injury claims do not involve such substantial damages. The language of the release specifically includes as part of the settlement, claims for wrongful death, and while a set off of the total sum would be incorrect in view of the pending personal injury action between the children and Florida Freight, we hold that the trial court erred in finding, as a matter of law, that no portion of the $445,000 was subject to being set off against the judgments in the cases sub judice. Clearly, some portion of the total sum is allocable to the wrongful death recovery. In the event that the plaintiff should prevail in a new trial, the court should conduct proceedings to determine the portion of the $445,000 which is applicable to the wrongful death claims in order that such sum may be apportioned as a set off.
In conclusion, we find merit in appellant's contention that the trial court erred in admitting certain testimony relating to appellee's damage claims. The economic loss theory advanced by appellee's expert witness to determine the extent of the damages was not in conformity with the requirements of Section 768.21 of the Florida Wrongful Death Act. In any future proceedings in this cause, adherence to the provisions of this statute should be compelled.
In light of the above opinion, it is unnecessary to reach the question of whether the verdicts rendered were excessive.
Affirmed in part, reversed in part, and remanded for a new trial.
NOTES
[1] Slavin v. Kay, 108 So.2d 462 (Fla. 1959).
[2] Cf. Shorafa v. Ruprecht, 345 So.2d 763 (Fla. 4th DCA 1977), in which our sister court evinced reluctant adherence to the rule, noting that it is not the function of a District Court of Appeal to override the Supreme Court of Florida.
[3] We note, parenthetically, that even if some charge on the "Slavin rule" would have been appropriate, neither of Florida Freight's requested instructions properly stated the rule since they omitted mention of the exceptions thereto which were applicable in this case.