360 So.2d 428 (1978)
Robert E. SCHULTE and Annie H. Schulte D/B/a Mantell Plaza Hotel, Appellants,
v.
Helen GOLD and Herman Gold, Her Husband, Appellees.
No. 77-936.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Rehearing Denied July 28, 1978.
*429 Blackwell, Walker, Gray, Powers, Flick & Hoehl and Bradford Swing, Miami, for appellants.
Goldstein & Goldstein and Caron Balkany, Miami, for appellees.
Before HAVERFIELD, C.J., PEARSON, J., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
PER CURIAM.
Defendant-appellants seek reversal of a final money judgment for plaintiffs in this action to recover damages for injuries sustained in a slip and fall.
Plaintiffs Helen and Herman Gold were seasonal guests at the Mantell Plaza Hotel owned and operated by the defendants, Robert and Anne Schulte. While ascending the outside steps late one evening, Mrs. Gold tripped on the top stair, fell and broke her hip. At the time and place of the accident the only illumination was from the public streetlights and the lights in the hotel lobby as the hotel lights which fully illuminated the subject area had been turned off for the remainder of the night. The Golds filed the instant complaint for damages and alleged that Mr. and Mrs. Schulte were negligent in failing to provide sufficient lighting for the outside steps. The cause proceeded to be tried by jury and at the end of the presentation of their case, the Golds over objection of the Schultes were permitted to introduce into evidence Section 509.221(2), Florida Statutes (1975).
"(2) Every public lodging establishment and every public food service establishment shall be properly plumbed, lighted, heated, cooled, and ventilated, and shall be conducted in every department with strict regard to the health, comfort, and safety of the guests. Such proper lighting shall be construed to apply to both daylight and artificial illumination; such proper plumbing shall be constructed and plumbed according to proper sanitary principles; and such proper ventilation or cooling shall be construed to mean at least one door and one window in each room."
After all the evidence had been presented, the trial judge instructed the jury that violation of Section 509.221(2), Florida Statutes (1975) is negligence and if the jurors find that a person alleged to have been negligent violated this statute, such person was negligent. The Schultes objected to this instruction at the charge conference. The jury returned verdicts in favor of Helen and Herman Gold for a total of $100,000 also finding Mrs. Gold to be 15% negligent. Judgment was entered accordingly. The Schultes filed a motion for a directed verdict or in the alternative for a new trial or remittitur. The motion was denied and this appeal ensued.
*430 Although the Schultes raise several points on appeal, only the point regarding Section 509.221(2), Florida Statutes (1975) and the jury instruction on this statute need be considered for disposition of this cause. We find that the above instruction to the effect that if the jury finds the Schultes to have violated this statute, then they are negligent to be erroneous. In other words, violation of Section 509.221(2), Florida Statutes (1975) does not constitute negligence per se.
Our Supreme Court in deJesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973) set out the following two categories of statutes, the violation of which is negligence per se: 1) strict liability statutes of the type designed to protect a particular class of persons from their inability to protect themselves and 2) statutes which establish a duty to take precautions to protect a particular class of persons from a particular injury or type of injury.
Obviously, Section 509.221(2), Florida Statutes (1975) does not fall within the first category. In addition, it cannot be placed in the second category inasmuch as this statute is of the type designed to protect the public generally. Cf. Richardson v. Fountain, 154 So.2d 709 (Fla.2d DCA 1963). Furthermore, in interpreting the predecessor to the instant statute (which is similar in wording), the Supreme Court held in Norman v. Shulman, 150 Fla. 142, 7 So.2d 98 (1942) that it was not the purpose of the law to make the owner an insurer and the owner was not required to maintain illumination of the exterior at all hours of the night.
Violation of Section 509.221(2), Florida Statutes (1975) being at most only evidence of negligence and not negligence per se, we reverse the final judgment and remand the cause for a new trial.
Reversed and remanded.