PER CURIAM.
The plaintiff in the trial court appeals an adverse final judgment after the granting of a directed verdict at the close of his case.
Appellant was injured by a fellow-passenger on a National Airlines flight when the fellow-passenger threw a garment bag over the back of the seat in which he was sitting and struck the plaintiff.
We affirm. No negligence has been demonstrated on the part of the airline or its employees. The appellant contends that the flight attendant violated certain regulations[1] of the airline and, therefore, the airline was responsible. We disagree. First, assuming [which we do not find] that the airline personnel violated the regulations of the airline, this was not the cause of the injury and therefore the plaintiff failed to make a prima facie case. Secondly, even if the flight attendant had violated a regulation, this was not the proximate cause of the plaintiff’s injury. Therefore, the trial court was correct in directing a verdict. Smith’s Bakery, Incorporated v. Jernigan, 134 So.2d 519 (Fla. 1st DCA 1961); Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2nd DCA 1976).
The final judgment here under review be and the same is hereby affirmed.

. Appellant has called to our attention the recent case of Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222 (Fla. 3d DCA 1978) which, in light of our disposition of this appeal, does not require a consideration thereof.