364 So.2d 808 (1978)
R.D. JACKSON and Irene Jackson, His Wife, Appellants,
v.
HARSCO CORPORATION, a Foreign Corporation, d/b/a Patent Scaffolding Company, a Dissolved Florida Corporation, and Travelers Insurance Co., Appellees.
No. 77-1385.
District Court of Appeal of Florida, Third District.
November 14, 1978.
Rehearing Denied December 18, 1978.
*809 Feldman, Abramson, Smith & Magidson and Donald Feldman, Miami, for appellants.
Adams, George, Schulte & Ward and Robert C. Ward, Miami, for appellees.
Before HENDRY[*] and BARKDULL, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
R.D. Jackson, plaintiff in the trial court, appeals a final judgment entered upon a jury verdict finding Harsco Corporation not guilty of negligence in an action for damages arising out of Jackson's near-fall from a scaffold.
R.D. Jackson was a plasterer employed by Acropolis, a general contractor. Acropolis entered into a contract with Harsco, by which Harsco agreed to supply Acropolis with scaffolding. Acropolis was to install the scaffolding according to directions supplied by Harsco. There was no device on the scaffold to prevent the beams from moving laterally and one day, while Jackson was plastering, the beams moved laterally and he was injured. Harsco's expert testified the device was unnecessary, because the beams were to have been installed in a criss-cross manner to prevent lateral movement. The evidence conflicts as to whether Acropolis followed Harsco's directions in installing the beams in this manner.
A regulation of the Florida Department of Commerce, Workmen's Compensation Bureau, was read to the jury during trial. This regulation concerns the securing of the ends of the beams to prevent lateral movement. Jackson submitted a request for Florida Standard Jury Instruction No. 4.9[1] (violation of the regulation as negligence per se). The trial court denied this request. Jackson then requested Florida Standard Jury Instruction 4.11[2] (violation of the regulation as evidence of negligence). The trial court also declined to give this instruction. The question of a violation of the regulation was argued to the jury.[3] The jury returned a verdict in favor of Harsco and this appeal ensued.
The appellants' sole point on appeal is that the trial court erred in failing to give either of the Florida Standard Jury Instructions, contending that the regulation involved was of the same dignity as a statute or ordinance, as provided in the Florida Standard Jury Instructions, citing Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222 (Fla. 3d DCA 1978).
Florida Standard Jury Instruction 4.9, supra, was submitted by Jackson seeking to have the jury instructed that a violation of a regulation of the Florida Department of Commerce, Workmen's Compensation Bureau [promulgated under the authority granted by Section 440.56, Florida Statutes (1973)] constituted negligence per se on the part of Harsco. However, under the facts of this case such a charge would not be applicable. Chapter 440, Florida Statutes (1973), was well as the regulation in question deal with workmen's compensation and the employer/employee relationship. In this case the record clearly shows no employer/employee relationship between Harsco and Jackson. In fact, Jackson, by his pleading, recognized the lack of the employer/employee relationship under Count *810 II of the complaint alleging negligence per se, wherein he stated: "At all times material, Defendants were vendors, suppliers, or lessors, and not a sub-contractor." Thus, Harsco not being an employer herein does not come within the purview of Chapter 440, Florida Statutes (1973). Lindsey v. Willis, 101 So.2d 422 (Fla. 1st DCA 1958); Alford v. Meyer, 201 So.2d 489 (Fla. 1st DCA 1967). Where Harsco fails to come under the provisions of Chapter 440, Florida Statutes (1973), it certainly cannot be governed by regulations promulgated pursuant thereto. Therefore, as the requested charge has its basis on a law and or regulation not applicable to Harsco, the trial court did not err in refusing to give the charge.
The refusal to give Florida Standard Jury Instruction 4.11, supra, was not error for the same reasons advanced above. In addition thereto, the request for said instruction was not reduced to writing. Florida Rules of Civil Procedure 1.470(b) requires that parties shall file written requests for jury charges, and where a party fails to do so we will not find error. Ellis v. Golconda Corporation, 352 So.2d 1221 (Fla. 1st DCA 1977).
Therefore, for the reasons stated above, the final judgment under review be and the same is hereby affirmed.
HENDRY, J., dissents.
BARKDULL, Judge, concurring specially.
I concur in the opinion authored by Judge Carroll and the disposition of this matter. However, I would not want this concurrence to be considered as any indication of my agreement with the decision rendered in Florida Freight Terminals, Inc. v. Cabanas, supra. In my opinion this decision was erroneous. It marked the first time that an appellate court of this State had raised an administrative rule to the dignity of a penal statute or ordinance.
Administrative rules are normally promulgated by non-elected public officers or employees who are part of the executive branch of government, whereas penal statutes or ordinances are ordinarily enacted by elected representatives of the public acting in a legislative capacity. In the latter instance, the electorate has the power of the ballot to change the makeup of a legislative body that enacts a penal statute or ordinance and, possibly, thereby cause the repeal thereof. No such right exists as to those in charge of administrative agencies and who may have promulgated an administrative rule. If an administrative agency desires to have an administrative rule possess the dignity of a penal statute or ordinance, it should submit same for consideration to the elected legislative representatives of the applicable body that created the agency. The courts should not, by judicial fiat, raise an administrative rule to equal dignity with a penal statute or ordinance. Penal statutes and ordinances are to be strictly construed in their application and the public should not be burdened with considering whether administrative rules may make certain of their activities negligence per se.
NOTES
[*] Hendry, J., participated in the decision in this case but did not hear oral argument.
[1] "Violation of this [statute] [ordinance] is negligence. If you find that a person alleged to have been negligent violated this [statute] [ordinance], such person was negligent. You should then determine whether such negligence was a legal cause of the [loss] [injury] [or] [damage complained of]."
[2] "Violation of a traffic regulation prescribed by [statute] [ordinance] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent."
[3] See: Schulte v. Gold, 360 So.2d 428 (Fla. 3d DCA 1978).