Richard B. Wingate Jr. of Thomas P. Murphy, P.A., Miami, Fla., for plaintiff.

David Michael De Maio, Asst. U.S. Atty., Miami, Fla., for defendant.

Richard BRITTON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 86–1978–CIV–LCN.

United States District Court,
S.D. Florida,
Miami Division.

March 30, 1987.

ORDER

NESBITT, District Judge.

This cause is before the Court upon the Motion for Judgment on the Pleadings or, Alternatively, For Summary Judgment filed by the Defendant UNITED STATES OF AMERICA (USA). By Order of this Court dated February 25, 1987, the Plaintiff RICHARD BRITTON (BRITTON) was directed to Respond to the Motion of the USA within the time provided in the Local Rules for the United States District Court for the Southern District of Florida. BRITTON has failed to comply with said Order and has still not responded to the Motion. Under Local Rule for the United States District Court for the Southern District of Florida 10. C. failure to timely

respond to a Motion is in itself sufficient reason for granting the Motion.

Additionally, however, this case is appropriately resolved on the merits of the Motion. As matters outside the pleadings have been presented to the Court in connection with this Motion, it shall be treated as a Motion for Summary Judgment. Fed.R. Civ.P. 12(c).

BRITTON commenced this suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for injuries received when an electric door at a building owned by the USA swung outward and struck him in the face. At the time, BRITTON was employed by the Joseph Nobile Construction Company, Inc., of Hollywood (Nobile) as a painter. Nobile was then under contract with the USA to paint the building which BRITTON was entering and BRITTON was entering the building to commence work. A Notice and Claim of Lien filed by the United States Fidelity & Guaranty Company (USF & G) in this action states that they paid workers' compensation benefits to BRITTON under the Florida Workers' Compensation Act, Fla.Stat. §§ 440.01 —440.60 (1985 & 1986), as a result of the accident.

The contract between Nobile and the USA incorporates the provisions of the Davis-Bacon Act, 40 U.S.C. §§ 276a— 276a–5 (1986), which requires government contractors, such as Nobile, to maintain state workers' compensation benefits at the expense of the federal government.

The Florida Workers' Compensation Act bars employees from commencing tort actions against their employers. Instead, benefits are awarded under a statutory compensation scheme. Fla.Stat. § 440.11. This immunity is also extended to so-called "statutory employers", those parties who have "the duty or liability to provide workers' compensation coverage". *Brown v. South Broward Hospital District,* 402 So.2d 58, 59 (Fla.Dist.Ct.App.1981). Since the Davis-Bacon Act requires the USA to provide, via reimbursement of contractors, workers' compensation benefits the USA qualifies as a statutory employer and is

immune from suit by a worker injured on the job.

In this case, BRITTON was injured in the course of employment even though he was not yet in the building and was appropriately paid workers' compensation benefits. *Petroske v. Worth Ave. Burger Place,* 416 So.2d 856 (Fla.Dist.Ct.App.1982); *Lee v. Florida Pine & Cypress,* 157 So.2d 513 (Fla.1963).

Consequently, BRITTON is barred from asserting a claim against the USA in this matter because of the immunity of the Florida Workers' Compensation Act. Fla. Stat. § 440.11. As no genuine issue of material fact has been raised as to the foregoing summary judgment is properly entered in favor of the USA. *See Time, Inc. v. Ragano,* 427 F.2d 219 (5th Cir.1970); *Gossett v. Du-Ra-Kel Corp.,* 569 F.2d 869 (5th Cir.1978).

Accordingly, it is

ORDERED AND ADJUDGED that the Motion for Judgment on the Pleadings or, Alternatively, For Summary Judgment is treated as a Motion for Summary Judgment and be and the same is hereby GRANTED and the complaint of the Plaintiff BRITTON is hereby DISMISSED WITH PREJUDICE.