538 So.2d 943 (1989)
Maria Victoria SIERRA, Appellant/Cross-Appellee,
v.
ALLIED STORES Corporation and Jordan Marsh Company, Appellees/Cross-Appellants.
ALLIED STORES CORPORATION AND Jordan Marsh Company, Cross-Appellants,
v.
OMNI INTERNATIONAL OF MIAMI, INC., a Florida Corporation, Individually and As General Partner of Omni International of Miami, Ltd., a Georgia Limited Partnership and Omni International of Miami, Ltd., Cross-Appellees.
Nos. 86-1074, 86-2079, 86-1320 and 86-1321.
District Court of Appeal of Florida, Third District.
February 14, 1989.
Gievers & Gonzalez, and Cooper, Wolfe & Bolotin and Sharon L. Wolfe, Miami, for Maria Sierra.
Magill & Lewis and R. Fred Lewis, Miami, for Allied Stores and Jordan Marsh.
Stephens, Lynn, Klein & McNicholas and Debra J. Snow and Robert M. Klein and Philip Parrish, Miami, for Omni Intern. of Miami, Inc.
Before HUBBART, FERGUSON and LEVY, JJ.
PER CURIAM.
Maria Sierra appeals a final judgment entered on a jury verdict finding Omni International liable, and absolving Jordan Marsh of responsibility, for injuries she sustained from carbon monoxide poisoning while dining at a restaurant/lounge located in the Omni complex.
The Omni development was constructed around an already existing Jordan Marsh store. An exhaust pipe from Jordan Marsh's emergency generator was originally vented outside the store in accordance with building-code requirements. Subsequently, Omni's builders extended Jordan Marsh's exterior wall in order to provide an inside fire corridor adjacent to the new restaurant. The generator's exhaust pipe was improperly vented through a concealed attic inside the Omni structure. On the night of the restaurant's grand opening, Jordan Marsh's emergency generator was automatically activated by an electrical power failure, emitting carbon monoxide fumes into the restaurant through its air conditioning system. Sierra was one of *944 several patrons allegedly overcome by poisonous fumes.
Sierra sued Omni International, Jordan Marsh, Allied Stores, the restaurant, and the Omni architects on theories of negligence and building-code violations. She settled with the restaurant and Omni's architects for $15,000 and $150,000 respectively. A $200,000 jury verdict was returned against Omni International, reduced to $35,000 by the amount of the prior settlements. This appeal involves only the judgment exonerating Jordan Marsh.
The first and main contention in this appeal is that Sierra was entitled to a directed verdict against Jordan Marsh on a theory of strict liability. Sierra relies on section 553.84, Florida Statutes (1987), which provides:
Statutory civil action. Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the State Minimum Building Codes, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.
While we agree with the appellant that the statute creates an independent cause of action, we disagree with the proposition that the statute creates strict liability against the owner whose property, although the source of a harmful agent, is not in violation of the building code. Jordan Marsh's building, until altered by Omni's contractors, was at all times in compliance with the building code. The record does not show that Jordan Marsh, by conduct or contract, assumed liability for the negligence of its neighbor Omni International or Omni's contractors.
Although the South Florida building code provides that compliance is the responsibility of the owner, the code does not impose a duty on a landowner to supervise construction undertaken by an independent contractor. Brown v. South Broward Hosp. Dist., 402 So.2d 58 (Fla. 4th DCA 1981). See also City of Miami v. Perez, 509 So.2d 343 (Fla. 3d DCA 1987), rev. den., 519 So.2d 987 (Fla. 1987); Skow v. Department of Transp., 468 So.2d 422 (Fla. 1st DCA 1985) (no explicit duty on a property owner to monitor, inspect or correct safety violations by an independent contractor); Van Ness v. Independent Constr. Co., 392 So.2d 1017 (Fla. 5th DCA), rev. denied, 402 So.2d 614 (Fla. 1981) (owner has no common-law duty to supervise independent contractor's work). Liability, under the code, and in accordance with common-law principles, is imposed on "the person or party who committed the violation." § 553.84, Fla. Stat. (1987). The rule is all the more applicable where the independent contractor is hired by a third party to perform services which benefit only the third party. We affirm, holding, as a matter of law, that there was no breach by Jordan Marsh of a duty owed to Sierra.
In light of our affirmance on the first point, it is unnecessary to address the remaining points on appeal.
AFFIRMED.