632 So.2d 1136 (1994)
Lurine SURAT, Appellant,
v.
NU-MED PEMBROKE, INC., d/b/a Pembroke Pines General Hospital, Appellee.
No. 92-1681.
District Court of Appeal of Florida, Fourth District.
March 9, 1994.
Darryl L. Lewis of William N. Hutchinson, Jr., P.A., Fort Lauderdale, for appellant.
G. William Bissett of Hardy & Bissett, P.A., Miami, and Cohen & Cohen, P.A., Hollywood, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a final order of dismissal for failure to state a cause of action, entered sua sponte by the trial court at the commencement of trial during consideration of the appellant/plaintiff's motions in limine. We reverse and remand.
A hearing before the trial court upon plaintiff's motions in limine, directed at prospective evidentiary matters, began innocently enough at the start of the jury trial. The parties' attorneys gave their respective views of the case in response to the motions. Unfortunately, the trial court, without informing counsel, apparently then turned the hearing into a sua sponte consideration of the viability of plaintiff's cause of action.
Florida Rule of Civil Procedure 1.140(h) raises the question of whether the trial court has the right to dismiss, sua sponte, a case at the start of the trial, for failure to state a cause of action. Florida Rule of Civil Procedure 1.140(h) provides:
(h) Waiver of Defenses.
(1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. The defense *1137 of lack of jurisdiction of the subject matter may be raised at any time.
We question the right to act sua sponte; but assuming such right so to proceed, the obligation of the trial court is to examine the pleading upon which the plaintiff's action is proceeding. The trial court should not rely upon opposing lawyers' respective unsworn and unstipulated versions of what the case is factually all about, as had been done here vis a vis the motions in limine.
We have been unable to locate, nor would we expect to find, any Florida case which gives the trial court the use of section (2) without the minimum procedural safeguards required by due process. The appearance of justice, alone, dictates requiring a meaningful opportunity to be heard, given the oppressive result of dismissal at the start of trial after a plaintiff has witnesses present and ready for trial, and following substantial expense and preparation. Without due process, lawyers and their clients can properly view judicial action as high handed.
Moreover, it has been implied that sua sponte action is not contemplated under corresponding Federal Rule of Civil Procedure 12(h)(2), which provides:
(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.
5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1392, at 760 (1990), offer the following:
As the rule explicitly provides, a litigant also may interpose any of the Rule 12(h)(2) defenses in his responsive pleading or in any pleading permitted or ordered by the court under Rule 7(a). Furthermore, even if these defenses are not interposed in any pleading, they may be the subject of a motion under Rule 12(c) for judgment on the pleadings or of a motion to dismiss at trial.

(Emphasis added; footnotes omitted.)
Nevertheless, the same authors, in the same volume, discuss Federal Rule of Civil Procedure 12(b)(6), which provides:
(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(Emphasis added.)[1] In the discussion of the above rule in section 1357, they state:
In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, *1138 and exhibits attached to the complaint, also may be taken into account. A motion under Rule 12(b)(6) raising the defense of failure to state a claim upon which relief may be granted must be made before the service of a responsive pleading but according to Rule 12(h)(2) the defense may be made as late as trial. Technically therefore, a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment, must be used to challenge the failure to state a claim for relief. Even if a party does not make a formal motion, the court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair.

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299-301 (1990) (emphasis added; footnotes omitted.)
The requirement of "fair procedure" at trial is consistent with pretrial requirements discussed in Jefferson Fourteenth Assoc. v. Wometco De Puerto Rico, 695 F.2d 524 (11th Cir.1983). "[C]ourts exercise their inherent power to dismiss a suit that lacks merit only when the party who brought the case has been given notice and an opportunity to respond." (emphasis added) Id. at 526. We disapprove of the above described procedure used by the trial court here, which was, in essence, a hearing on an unfiled, unnoticed motion for summary judgment and, in our view, unfair to the plaintiff.
Upon the merits, the second amended complaint alleged the following, inter alia:
5. On June 26, 1986 the Defendant was operating under an existing Oral Contract with South Florida State Hospital in which the Defendant agreed to assume the care and treatment of any patient from South Florida State Hospital if they were in need of any acute medical care. The contract also provided that when patients from South Florida State Hospital were admitted to the Defendant Institution, the admitted patients were required to have Nurses Aides to assist in the care and treatment of the patients depending upon the mental condition of the patient.
6. On or about June 7, 1986, pursuant to the above agreement, Carolyn Grimmet, a patient at South Florida State Hospital, with a history of violent behavior, was transferred to Pembroke Pines Hospital to receive acute medical care. Carolyn Grimett [sic] was accompanied by the Plaintiff, who was a Nurses Aide, and the Plaintiff was required to assist in the care and treatment of the patient.
7. On or about June 26, 1986 at about 10:45 a.m., the Plaintiff, while in her employ as a Nurses Aide to Carolyn Grimmet, contacted appropriate hospital personnel of the Defendant to inform them that the patient requested to use the restroom, but that the patient was acting violent and creating a great disturbance, and further requested that the hospital personnel come to the room and control the patient. The request was refused, and she was ordered to handle the patient. Before attempting to follow the orders of hospital personnel, she again asked for assistance, but was again refused.
8. The Plaintiff, pursuant to hospital directives, attempted to calm the patient down. While attempting to quiet the patient, the patient became violent and struck the Plaintiff in the chest, and in her right shoulder, which impact knocked her backwards into the rail of a 2nd bed in the room causing her injuries to her right shoulder and right side.
9. Because the Plaintiff was rightfully on the premises and at the invitation of the Defendant hospital, the Defendant had a duty under the Common Law to exercise reasonable care to protect the Plaintiff from injury on the premises, which duty included the duty to discover hazardous conditions on the premises, and to take reasonable steps to protect the Plaintiff from such unsafe conditions, and to warn Plaintiff of any hazardous conditions that existed.
10. Because the Plaintiff was rightfully on the premises, and at the invitation of the Defendant hospital, and pursuant to an Oral Contractual Agreement between the *1139 Defendant hospital, and South Florida State Hospital, which required the patient, Carolyn Grimmet, to have Nurses Aides accompany her to Defendant Hospital, Defendant Hospital had a duty, under the Oral Contract, to exercise reasonable care to protect the Plaintiff from injury on the premises, which duty included the duty to discover hazardous conditions on the premises, take reasonable steps to protect the Plaintiff from such unsafe conditions, and to warn Plaintiff of existing hazardous conditions.
11. The Defendant negligently allowed and permitted the violent, and unruly conduct of its patient, Carolyn Grimmett [sic], creating a dangerous, hazardous, and unsafe condition with respect to any person charged with assisting in the care and treatment of its patient, more particularly the Plaintiff.
12. The Defendant negligently maintained for a lengthy period of time, the above-described unsafe condition of which it knew, or in the exercise of reasonable care should have known, and should have remedied.
13. The Defendant further violated its duty to use reasonable care to protect the Plaintiff from hazardous conditions on the premises by its failure to establish and carry out regular, and frequent inspections for such conditions, by its failure to discover the hazardous condition prior to it's [sic] patient's violent attack on the Plaintiff, by it's [sic] failure to promptly remedy the hazard posed by this condition, and by it's [sic] failure to establish and carry out a standard operating procedure for effectively dealing with hazardous conditions such as the one that the Plaintiff was faced with when the Plaintiff was injured, by its' [sic] failure to implement sufficient preventive measures designed to eliminate or reduce the danger posed by this hazardous condition, and by its' [sic] failure to warn Plaintiff of the existing danger.
In dismissing the plaintiff's cause of action, the trial court relied on Brown v. South Broward Hospital District, 402 So.2d 58 (Fla. 4th DCA 1981), and Cuyahoga Wrecking Corp. v. Mastres, 368 So.2d 380 (Fla. 3d DCA 1979). Both cases involved hazardous building sites and, in our view, should not be extended to preclude recovery by a "sitter" for a hospital patient who is assaulted by the patient after seeking the hospital's help and being refused. The hospital owed a duty to plaintiff as it would to any invitee. We view the second amended complaint as presenting an actionable, foreseeable, specific incident as to a specific individual at a specific time. See Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla. 1984).
FARMER, J., and BROWN, LUCY, Associate Judge, concur.
NOTES
[1] The corresponding Florida Rule of Civil Procedure 1.140(b) does not adopt the emphasized last sentence of the federal rule.