Confession of Error Corrected Opinion
 

 COPE, J.
 

 Jorge Manzano and Brian Flaherty appeal an order dismissing their lawsuit. On the confession of error filed by Franco ■Nicoletti, we reverse the dismissal order.
 

 Plaintiffs Manzano and Flaherty are incarcerated in correctional institutions. They filed this lawsuit against defendants Nicoletti and Ferreira, asserting breach of contract and other claims. The plaintiffs filed a motion for an order allowing the plaintiffs to take the deposition of Ferreira by telephonic means. The motion was scheduled for hearing on September 23, 2008. The plaintiffs attempted to participate in the hearing by telephone but were unsuccessful in doing so.
 

 Both sides agree that at the September '23 hearing, the trial court dismissed the lawsuit. The plaintiffs contend that this was because the plaintiffs were unable to appear by telephone at this hearing. Defendant Nicoletti maintains that the trial court examined the complaint and concluded that the complaint did not state a cause of action. The defendants had not filed a motion to dismiss the complaint.
 

 We are confident that the able trial judge did not impose the sanction of dismissal because the plaintiffs were unsuc- ■ cessful in appearing telephonically at a hearing on a procedural motion. As the defendant points out, the written order nowhere indicates that the dismissal was being imposed as a sanction. We accept the defendant’s characterization and treat this as a dismissal for failure to state a cause of action.
 

 We accept the defendant’s concession that where a trial court wishes sua sponte to raise the legal sufficiency of the complaint, the court must give the plaintiffs notice and a reasonable opportunity to respond.
 
 Surat v. Nu-Med Pembroke, Inc.,
 
 632 So.2d 1136, 1136-38 (Fla. 4th DCA 1994). The defendant acknowledges that the procedure outlined in
 
 Surat
 
 was not followed here, and accordingly we reverse the dismissal order. This ruling is without prejudice to the defendants to file a motion to dismiss, or the court to raise the issue on its own motion. The plaintiffs must be given a reasonable opportunity to respond in wilting, and if at all possible, should be afforded the right to be heard at the hearing telephonically.
 

 
 *753
 
 For the stated reasons, the order now before us is reversed and the cause remanded for further proceedings consistent herewith.
 

 Reversed and remanded.